**William Junior HUGHES,
Plaintiff-Appellant,**

v.

**IDAHO STATE BOARD OF CORRECTIONS, Defendant-Appellee.**

No. 84–3523.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 6, 1986.

Decided Sept. 25, 1986.

William J. Hughes, Kuna, Idaho, for plaintiff-appellant.

Robert R. Gates, Deputy Atty. Gen., Boise, Idaho, for defendant-appellee.

Before SKOPIL and NELSON, Circuit Judges, and LYNCH,* District Judge.

SKOPIL, Circuit Judge:

William Junior Hughes ("Hughes"), an Idaho state prisoner, appeals the denial of his petition for writ of habeas corpus. He contends the state prosecutor violated his due process rights by breaching a plea agreement. The district court denied relief upon finding that the agreement was not breached. We do not reach the merits of the district court's decision. While we affirm the district court's refusal to grant habeas relief, we do so on the basis that Hughes waived his constitutional claim by failing to appeal the denial of post-conviction relief to the Idaho Supreme Court.

## FACTS AND PROCEEDINGS BELOW

Hughes pleaded guilty to a charge of robbery pursuant to a plea agreement. Six years later he filed a petition for post-conviction relief in an Idaho state district court on the ground the plea agreement was violated. The state court dismissed the petition. No appeal was taken.

Hughes thereafter filed an application in federal court for writ of habeas corpus under 28 U.S.C. § 2254 (1982) seeking specific performance of his plea agreement. The state responded in part that "because the Petitioner filed neither a direct appeal of his conviction to the Idaho Supreme court nor a direct appeal of his denial of post-conviction relief to the Idaho Supreme Court, ... the highest court of the State of Idaho has not decided the issue in the Petitioner's case." The federal district court's decision does not mention petitioner's failure to present his claim to the Idaho Supreme Court. Instead, the court held that the prosecutor did not breach the plea agreement. Hughes timely appealed.

## DISCUSSION

A habeas petitioner may waive a constitutional claim by failing to present it for resolution to the highest state court. *Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir. 1982). When the petitioner has not complied with reasonable state procedures, and the state's highest court has not been given the opportunity to resolve the merits of the petitioner's constitutional claim, we may, as a matter of comity, decline to reach the merits.[1] Id.

The Supreme Court has articulated two tests to determine when a federal court should decline to address an issue that was not properly presented for the state court's resolution. The first is the deliberate bypass standard of *Fay v. Noia*, 372 U.S. 391, 438–39, 83 S.Ct. 822, 849–50, 9 L.Ed.2d 12 (1963). That test turns on whether the petitioner intentionally relinquished a known right. Id. at 439, 83 S.Ct. at 849. The second is the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). Under this test the petitioner must show cause for the bypass of state proce-

---

* The Honorable Eugene F. Lynch, United States District Judge for the Northern District of California, sitting by designation.

1. There is some question whether petitioner's procedural default has been sufficiently preserved for appellate review. A state may waive procedural default by failing to raise it in federal court. See *Batchelor v. Cupp*, 693 F.2d 859, 864 (9th Cir.1982).

The issue was clearly raised below. On appeal, however, the state does not argue that review is blocked by petitioner's default. Rather, the state mentions the procedural default only as part of an historical review of the case. The better practice would have been for the state to have asserted the procedural default as an alternative basis for affirmance. Nevertheless, we conclude the state did not waive its objection to petitioner's procedural default. We deem the state's assertion of the issue below and its mention of it on appeal sufficient to preserve the issue for our review.

dures and actual prejudice arising from the default.

Since the Supreme Court's decision in *Sykes* "a debate has raged in the lower federal courts over when to apply the *Sykes* 'cause and prejudice' test and when to employ the 'deliberate bypass' standard of *Fay v. Noia*, 372 U.S. 391 [, 83 S.Ct. 822, 9 L.Ed.2d 12] (1963)." *Maupin v. Smith*, 785 F.2d 135, 138 n. 2 (6th Cir.1986). By not explicitly overruling *Fay*, *Sykes* left open the question of the appropriate standard to apply to a failure to take an appeal. See *Sykes*, 433 U.S. at 88 n. 12, 97 S.Ct. at 2507 n. 12. See also *Murray v. Carrier*, — U.S. ——, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Court again expressly declines to give opinion as to whether counsel's decision to not take an appeal should be treated under the cause and prejudice standard).

Courts have relied on the Supreme Court's express reservation of the issue to conclude that *Fay*'s deliberate bypass test should apply to a petitioner's failure to appeal. E.g., *Holcomb v. Murphy*, 701 F.2d 1307, 1310 (10th Cir.) (Supreme Court has not overruled *Fay* and until it does courts should apply *Fay* to situations in which no appeal has been taken), cert. denied, 463 U.S. 1211, 103 S.Ct. 3546, 77 L.Ed.2d 1394 (1983). In our opinion, however, the value of that reservation has been diminished by several recent Supreme Court decisions. In *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982), the Court applied the cause and prejudice standard to a failure to make a contemporaneous objection at trial. The Court's holding was particularly broad. "[A]ny prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." Id. at 129, 102 S.Ct. at 1572.

In *Reed v. Ross*, 468 U.S. 1, 16–19, 104 S.Ct. 2901, 2907–08, 82 L.Ed.2d 1 (1984), the Court applied *Sykes'* cause and prejudice standard to a petitioner's failure to raise a jury instruction issue on appeal. In broad language the Court held that "[w]hen a procedural default bars litigation of a constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief absent a showing of 'cause and actual prejudice.'" Id. at 11, 104 S.Ct. at 2908 (citing *Engle*, 456 U.S. at 129, 102 S.Ct. at 1572).

Finally, in *Murray*, 106 S.Ct. at 2644–50, the Court applied the cause and prejudice standard to counsel's inadvertent failure to raise a substantive claim of error on direct appeal. "Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial." Id. at 2648.

 This circuit has not decided which test should apply when the state procedural default results from a failure to appeal a dismissal of post-conviction relief to a state supreme court.[2] We conclude that the cause and prejudice standard should apply. We rely primarily upon the clear trend

---

**2.** In *Jackson* petitioner failed to appeal his post-conviction action, but we concluded we need not decide whether the cause and prejudice test should be applied because the failure was deliberate. *Jackson*, 693 F.2d at 870. See also *Ventura v. Cupp*, 690 F.2d 740, 741 (9th Cir.1982) (extent to which *Fay* has survived *Sykes* is uncertain).

We have applied the cause and prejudice standard to a failure to raise issues on appeal to state court. See *Matias v. Oshiro*, 683 F.2d 318, 321 (9th Cir.1982). There we indicated that we were unpersuaded by the argument that the factors underlying the cause and prejudice test do not compel its application to procedural waivers in state post-conviction proceedings. Id. at 321 n. 3. We noted that two of our

decisions which arguably supported application of the deliberate bypass standard to a failure to raise an issue on appeal were vacated by the Supreme Court for further consideration in light of *Engle*. Id. (citing *Gibson v. Spalding*, 665 F.2d 863, 865 (9th Cir.) (*Sykes'* interests in enforcing state contemporaneous objection rule not implicated in a procedural default consisting of a failure to raise an issue on appeal), vacated and remanded, 456 U.S. 968, 102 S.Ct. 2229, 72 L.Ed.2d 842 (1982); *Meyers v. Washington*, 646 F.2d 355, 359 (9th Cir.1981) (*Sykes'* considerations have no force in situations involving a failure to raise issues on appeal), vacated and remanded, 456 U.S. 921, 102 S.Ct. 1964, 72 L.Ed.2d 436 (1982)).

toward application of that standard as evidenced by *Engle, Reed* and *Murray*. See *Leroy v. Marshall*, 757 F.2d 94, 98–99 (6th Cir.) ("current sentiment" is to apply the narrower cause and prejudice standard to state procedural defaults), cert. denied, —— U.S. ——, 106 S.Ct. 99, 88 L.Ed.2d 80 (1985). We agree substantially with the analysis in *Nutall v. Greer*, 764 F.2d 462 (7th Cir.1985), involving petitioner's failure to seek review in the state's highest court. Petitioner argued that his failure should be excused because his bypass of the highest state court was not a matter of intentional strategy. Id. at 464. The court rejected that argument:

> [S]ome defendants may fail to appeal to the highest court not from any deliberate strategy but from simple inexcusable neglect. Such defendants bear the responsibility for their own default and do not present a compelling case for overriding the principle that a federal court should not intrude in a state's criminal process when the state's highest court has had no opportunity to rule on the constitutional issues presented. Accordingly, we think that the appropriate standard for exceptions to the waiver is the cause and prejudice rule. . . .

Id. at 464; see also *Clark v. Texas*, 788 F.2d 309, 310–11 (5th Cir.1986) (Sykes' standard applies to a failure to take a direct appeal).

There remains a question, however, whether *Sykes'* cause and prejudice standard should apply at all to a pro se petitioner's procedural default. That possibility has been raised but not decided in several cases. *E.g., Reed,* 468 U.S. at 11 n. 7, 104 S.Ct. at 2908 n. 7 (situation of a defendant representing himself is not presented and Court declines to express a view on the applicability of the cause and prejudice requirement in that context); *Smart v. Scully,* 787 F.2d 816, 821 n. 4 (5th Cir.1986) (since *Sykes* was held to be inapplicable, court declined to reach question of whether cause and prejudice standard should apply to pro se litigants); *Diggs v. United States,* 740 F.2d 239, 245 n. 8 (3d Cir.1984) (if cause and prejudice standard were applicable, petitioner would meet it since his lack of representation arguably excuses his procedural default). Apparently only one case squarely addresses the application of the cause and prejudice standard to a petitioner acting pro se at the time of the procedural default. See *Strickland v. Marshall,* 632 F.Supp. 590, 598–99 (S.D.Ohio 1986). After noting that there was no clearly enunciated standard for a pro se petitioner's default, the court reasoned that the trend clearly is toward application of *Sykes'* cause and prejudice test. "In light of the trend to narrow federal review of state convictions, the Sixth Circuit's preference for the *Sykes'* cause and prejudice standard, and the clear inappropriateness of the [*Fay*] deliberate bypass standard to a pro se petitioner, we conclude that the former should apply." Id.

■ Although the cases that developed the cause and prejudice standard involved counsel's errors, we conclude that the standard should not be limited to those situations. Many state prisoners initiate their own state post-conviction actions. To sweepingly conclude that pro se litigants should not be held to the cause and prejudice standard is to ignore the clear trend toward applying that standard and the apparent abandonment of *Fay*'s deliberate bypass standard. Thus, we hold that *Sykes'* cause and prejudice standard should be applied to Hughes' failure to appeal the denial of his post-conviction relief in state court.

We turn next to the question of whether Hughes can demonstrate sufficient cause to excuse his procedural default. The Supreme Court has intentionally declined to give precise content to the term "cause" because of the "virtually limitless array of contexts in which a procedural default can occur." *Reed,* 468 U.S. at 13, 104 S.Ct. at 2909. See also *Sykes,* 433 U.S. at 87, 97 S.Ct. at 2506. Although the Court has indicated that cause may be satisfied under certain circumstances when a procedural default is not attributable to an intentional decision by counsel, the only example given

of such cause is the failure to raise a constitutional issue reasonably unknown at the time of the default. *Reed*, 468 at 14–15, 104 S.Ct. at 2909.

■ Hughes claims to be illiterate, and he asserts that the inmate who helped him was released before the post-conviction petition needed to be appealed. We accept these contentions as true and thus avoid the necessity of a remand for those factual determinations. We conclude that Hughes' circumstances, although unfortunate, are nevertheless insufficient to meet the cause standard. State courts must be given the opportunity to correct and decide constitutional claims pursuant to reasonable state procedures before the issues are raised in a federal habeas corpus petition. *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir.1982); *Jackson*, 693 F.2d at 869. When a pro se petitioner is able to apply for post-conviction relief to a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state supreme court. To hold that illiteracy is a legitimate cause for failing to appeal to the state supreme court would allow petitioners to wait until the jurisdictional period lapsed and then proceed directly to federal court. Such a result would be contrary to the principles of comity underlying the cause and prejudice rule.

Although we find that Hughes fails to meet the cause prong of the cause and prejudice standard, we must consider the Supreme Court's warning that the standard is one of discretion intended to be flexible and yielding to exceptional circumstances. *See Engle*, 456 U.S. at 135, 102 S.Ct. at 1575. "[T]he principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray*, 106 S.Ct. at 2650 (*quoting Engle*, 456 U.S. at 135, 102 S.Ct. at 1575). But the Court has made clear that the exception is narrow. "[I]n an extraordinary case, where a constitutional viola-

tion has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray*, 106 S.Ct. at 2650. Hughes does not meet that narrow exception and hence we are unable to overlook his procedural default in failing to appeal the denial of his post-conviction petition.

## CONCLUSION

Because petitioner has failed to establish sufficient cause for failing to appeal his post-conviction petition to the Idaho Supreme Court, he has waived his constitutional claim. We affirm without consideration of the merits.

AFFIRMED.

NELSON, Circuit Judge, dissenting:

I respectfully dissent because I believe that the "deliberate by-pass" standard announced in *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), applies to a *pro se* petitioner's failure to take an appeal. Moreover, I would reach the merits of Hughes's claim even under the "cause and prejudice" standard adopted by the majority, and grant the petition.

## FACTS [1]

In exchange for the prosecution's promise to recommend a 15–year sentence, William Hughes pleaded guilty in Idaho state court to robbery. At sentencing, Hughes's court-appointed counsel, Mr. Downen, was absent. Instead, another member of Downen's firm represented Hughes. After conducting a voluntariness examination regarding the guilty plea, the court asked for the prosecutor's recommendation. The prosecutor, after detailing Hughes's prior record and emphasizing the circumstances of the present offense, responded as follows:

---

**1.** Given its resolution of the procedural default issue, the majority does not detail the facts underlying Hughes's claim for relief. There-

fore, I briefly set them forth to aid in understanding this case.

I believe before the plea of this defendant was given the prosecuting attorney ... agreed to recommend a term of fifteen years in the penitentiary. Were I to make a recommendation, I would recommend the maximum. But so there is no indifference to the office of the prosecuting attorney, we would recommend fifteen years, Your honor.

On the heels of this recommendation, the court sentenced Hughes to an indeterminate sentence not to exceed 25 years.

Later, Hughes, acting *pro se*, filed a petition for post-conviction relief in Idaho District Court, alleging that the prosecutor had violated the plea bargain. Another inmate aided Hughes in preparing the petition because Hughes is illiterate. The same judge who presided over sentencing summarily dismissed the petition, and Hughes failed to take an appeal, apparently because the inmate who had been helping him had been released.

Thereafter, Hughes, still acting *pro se*, filed in federal court the present petition for writ of habeas corpus. The state filed an answer claiming that Hughes had failed to exhaust his state remedies, and that the petition should be denied on the merits. In his report, the Magistrate ignored the exhaustion argument, and recommended that the petition be granted and that the case be remanded to state court for resentencing. In objecting to this report, the state addressed only the merits of Hughes's claim, and did not object to the Magistrate's failure to respond to the exhaustion issue. The district court, also ignoring the ques-

tion of exhaustion, disregarded the Magistrate's recommendation and dismissed the petition on the merits because the prosecuting attorney in fact had recommended a 15–year sentence. Subsequently, Hughes filed the present appeal.

## DISCUSSION

### A. *Applicability of "Deliberate By-Pass" Standard*

In *Fay v. Noia*, 372 U.S. 391, 434, 83 S.Ct. 822, 846, 9 L.Ed.2d 837 (1963), the Supreme Court held that a federal court has the power to grant habeas relief despite a petitioner's failure to appeal in state court. However, the Court also held that as a matter of discretion, a federal court may deny relief to a petitioner "who has *deliberately by-passed* the orderly procedure of the state courts and in so doing has forfeited his state court remedies." *Id.* at 438, 83 S.Ct. at 848 (emphasis added). Where, on the other hand, a habeas petitioner fails to appeal in state court because of inadvertence or neglect, "thereby forfeiting his state remedies, appellate and collateral, ... those consequences should be sufficient to vindicate the State's valid interest in orderly procedures." *Id.* at 433, 83 S.Ct. at 846. Thus, under *Fay*, we may refuse to hear Hughes's petition only if he made a "considered choice" to relinquish intentionally his right to appeal in Idaho state court. *Id.* at 439, 83 S.Ct. at 849. Hughes clearly has shown that he did not make such a choice. The state has failed to show otherwise.[2]

2. Indeed, in this regard, the state has failed to make any showing whatsoever. I disagree with the majority's assertion that the state clearly raised the issue below. The state's answer refers only to whether Hughes *exhausted* his remedies. Nowhere does it mention procedural default, or discuss whether Hughes has reason for his default. As we have recognized, however, exhaustion and procedural default are separate issues.

 The cause and prejudice inquiry ... is not part of exhaustion of remedies but instead is a related but separate question. Exhaustion ... refers to remedies available when the federal habeas petition is filed while the cause and prejudice standard is relevant to the related

question of waiver of an issue by failure to raise it while state remedies were available. *Matias v. Oshiro*, 683 F.2d 318, 321 (9th Cir. 1982) (citing *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570, 71 L.Ed.2d 783 n. 28 (1982) ("problem of waiver is separate from the question of whether a state prisoner has exhausted state remedies")). Thus, the state's answer, which speaks only of exhaustion, simply does not raise the question of procedural default.

 I also believe that the state has failed to preserve this issue on appeal. The state's mere assertion in its review of the facts that it "did not waive the issue of exhaustion" is insufficient to make procedural default an issue on appeal.

The majority finds that the "cause and prejudice" standard set forth by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977), applies to Hughes's failure to appeal. The majority relies upon what it perceives as "the clear trend toward application of that standard" evidenced in the more recent Supreme Court decisions *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), and *Murray v. Carrier*, —— U.S. ——, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

I believe, however, that these decisions are inapplicable to a habeas petitioner's failure to take an appeal of a state court judgment, and that the only "trend" evidenced in the cases is the failure of courts to be precise in stating the law applicable to a particular factual context. At issue in *Wainwright* was a petitioner's failure to comply with the state's contemporaneous objection rule. In establishing the applicability of the "cause and prejudice" standard in that context, the Supreme Court stated:

> We have no occasion today to consider the *Fay* standard as applied to the facts there confronting the Court. Whether the ["cause and prejudice"] rule should preclude federal habeas review of claims not made in accordance with state procedure where the criminal defendant has surrendered, other than for reasons of tactical advantage, the right to have all of his claims of trial error considered by a state appellate court, we leave for another day.

433 U.S. at 88 n. 12, 97 S.Ct. at 2507 n. 12. Thus, in refusing to paint with a "broad brush," *id.*, the Supreme Court explicitly left *Fay* applicable to a petitioner's failure to appeal.

In addition, Chief Justice Burger's *Wainwright* concurrence explained the basis for applying the *Fay* standard in some contexts, and the *Wainwright* standard in others. The determinative question is whether the defaulted procedure involves a decision made solely by the defendant, or one made principally by attorneys in the exercise of their professional expertise. The *Fay* "deliberate by-pass" standard applies to a failure to appeal because the defendant "himself ha[s] to make the decision whether to appeal or not. . . ." *Id.* at 92, 97 S.Ct. at 2509 (Burger, C.J., concurring). By contrast, the "cause and prejudice" standard applies to a failure to object contemporaneously because that decision "is necessarily entrusted to the defendant's attorney. . . ." *Id.* at 93, 97 S.Ct. at 2509. Thus, in *Wainwright*, the Supreme Court not only refused to overrule *Fay*, but the Chief Justice, in concurrence, explained the very basis for preserving it.

Contrary to the majority's assertion, *Engle* did nothing to alter the vitality of *Fay*. In *Engle*, as in *Wainwright*, the habeas petitioners had failed to comply with contemporaneous objection rules. 456 U.S. at 110, 124, 102 S.Ct. at 1570. All three petitioners in *Engle* had appealed their convictions in state court. Thus, despite what the majority characterizes as the Court's "broad" holding regarding the applicability of the "cause and prejudice" standard, *Engle* did nothing more than reaffirm *Wainwright*'s holding as applied to failures to object contemporaneously even where the alleged constitutional error affects the truthfinding function of the trial. *Id.* at 129, 102 S.Ct. at 1572. *See Murray*, 106 S.Ct. at 2644 (like *Wainwright*, *Engle* involved claims procedurally defaulted at trial). Indeed, the Court in *Engle* discussed the *Fay* "deliberate by-pass" standard in

As I have already noted, exhaustion and procedural default are not the same issue. Moreover, in its brief, the state does not ask us to dispose of Hughes's petition on procedural grounds. Rather, it devotes its entire brief to a discussion of the merits. The state does not discuss whether *Fay* or *Wainwright* applies because it does not see procedural default as an issue in this case. It is unclear to me why the majority

insists that it is. If we so strictly require a *pro se* defendant to adhere to a state's procedural rule, we also should strictly require the state to attend to the distinction between exhaustion and procedural default, and to adhere to the requirement that it raise the latter issue separately. Given the facts as I have detailed them, I would find that the state waived the issue of procedural default.

language which suggests that standard's vitality, not its demise. 456 U.S. at 130 n. 36, 102 S.Ct. at 1573 n. 36.

I do not understand the majority's reliance upon *Reed* because that decision, rather than eroding the *Fay* standard, actually reinforces the applicability of *Fay* to a petitioner's failure to appeal. In *Reed*, the procedural default was a failure by the habeas applicant's attorney to raise the pivotal habeas issue in the direct appeal which was taken in state court. 468 U.S. at 3, 7, 104 S.Ct. at 2903, 2906. In addition to the "broad language" the majority cites regarding the applicability of the "cause and prejudice" standard to the facts in *Reed,* the Supreme Court stated: "Where ... a defendant has failed to abide by a State's procedural rule *requiring the exercise of legal expertise and judgment,* the competing concerns implicated by the exercise of the federal court's habeas corpus power have come to be embodied in the 'cause and prejudice' requirement...." *Id.* at 11, 104 S.Ct. at 2906 (emphasis added). The significance of this language derives from the Supreme Court's supporting citations, which, other than the *Engle* citation, the majority appears to disregard. First and foremost, the Court cited Chief Justice Burger's *Wainwright* concurrence. As previously noted, this concurrence explains why the "deliberate by-pass" standard applies to a defendant's failure to appeal while the "cause and prejudice" standard applies to procedural defaults for which a defendant's counsel is responsible. In citing this concurrence, the Court in *Reed* clearly was recognizing this distinction and finding that the decision regarding which issues to include in an appeal belongs in the latter category which involves "the exercise of legal expertise and judgment."

Among the Court's other citations were three circuit court opinions relying on the Chief Justice's explanation in *Wainwright* to preserve *Fay* in the context of a failure to appeal. *Id.* at 11 n. 7, 104 S.Ct. at 2908 n. 7. In *Crick v. Smith,* 650 F.2d 860, 867 (6th Cir.1981), *cert. denied,* 455 U.S. 922, 102 S.Ct. 1281, 71 L.Ed.2d 464 (1982), the Sixth Circuit, relying on the distinction

drawn by Chief Justice Burger, stated: "Because this is at least a rational distinction, and because *Wainwright* could have but did not explicitly overrule *Fay v. Noia, supra,* we conclude that the deliberate bypass rule is still alive and well, or at least remains applicable to its own facts." Similarly, in *Graham v. Mabry,* 645 F.2d 603, 606–07 (8th Cir.1981), the Eighth Circuit, citing the Chief Justice's concurrence, reasoned that *Fay* applies where the alleged waiver is the result of the defendant's own decision, including the decision whether to appeal. Finally, in *Boyer v. Patton,* 579 F.2d 284, 286 (3d Cir.1978), the Third Circuit noted that the Chief Justice's concurrence "suggested that *Fay*'s deliberate bypass standard would continue to apply to failures to appeal, which involve 'the exercise of volition by the defendant himself,'" and that *Wainwright* "did not offer guidance" regarding the standard applicable to such failures. The Supreme Court's citation to these passages of these opinions belies the majority's claim that the "broad language" in *Reed*—which is not really so broad when examined closely—erodes the applicability of *Fay* to failures to appeal. Indeed, taken in context, the language of *Reed* makes clear that *Fay* continues to apply in this context.

Finally, in *Murray,* the Supreme Court again addressed the "cause and prejudice" standard as applied to a petitioner's failure to raise the pivotal habeas issue in the appeal which he did take in state court. In reaffirming *Wainwright*'s applicability to this context, the Court stated:

The real thrust of respondent's arguments appears to be that on appeal it is inappropriate to hold defendants to the errors of their attorneys. Were we to accept that proposition, defaults on appeal would presumably be governed by a rule equivalent to *Fay v. Noia*'s "deliberate bypass" standard, under which only personal waiver by the defendant would require enforcement of a procedural default. *We express no opinion as to whether counsel's decision not to take an appeal at all might require*

*treatment under such a standard,* see *Wainwright v. Sykes,* 433 U.S., at 88, n. 12, [97 S.Ct. 2507 n. 12] but, for the reasons already given, we hold that counsel's failure to raise a *particular* claim or claims on appeal is to be scrutinized under the cause and prejudice standard when that failure is treated as a procedural default by the state courts.

106 S.Ct. at 2648 (former emphasis added; latter emphasis in original). Thus, in *Murray,* the Supreme Court specifically refused to expand the applicability of the "cause and prejudice" standard to contexts not already controlled by *Wainwright.*

Given these Supreme Court opinions, I am convinced that the *Fay* "deliberate bypass" standard remains applicable where, as in the present case, the petitioner fails to appeal. The Supreme Court clearly draws a distinction between this decision, made solely by the defendant, and other decisions made primarily by the defendant's attorney. Furthermore, in light of *Murray* and *Reed,* I find difficult to understand the majority's assertion that "the value of [the Supreme Court's] reservation [of *Fay*'s applicability] has been diminished by several recent Supreme Court decisions." *Murray,* which is the Supreme Court's most recent relevant decision, expressly makes this reservation. *Reed,* the next most recent decision, through its language and supporting citations, reinforces the applicability of *Fay* to the case now before us.

Even were I to agree with the majority that the "cause and prejudice" standard generally applies to a failure to appeal, I do not agree that the standard applies where the petitioner was acting *pro se* at the time of the default. None of the Supreme Court cases has addressed the question of what standard applies in this context. Indeed, as the majority notes, the Court stated in *Reed* that "[t]he situation of of a defendant representing himself ... is not presented in this case and we express no view on the applicability of the cause-and-prejudice requirement in that context." 468 U.S. at 11

n. 7, 104 S.Ct. at 2908 n. 7 (citation omitted).

Moreover, the Supreme Court's language in *Engle* and *Murray* strongly suggests that those decisions are applicable only to defaults involving counsel. In *Engle,* the Court justified the stringent enforcement of the contemporaneous objection requirement because "[t]he defendant's *counsel* ... has detracted from the trial's significance by neglecting to raise a claim in that forum." 456 U.S. at 128–29, 102 S.Ct. at 1572. *See also id.* at 129 n. 34, 102 S.Ct. at 1572 n. 34 (*counsel's* default may stem from simple ignorance, the pressures of trial, or sandbagging). And in *Murray,* the Court stated the issue as whether "cause" is shown where "*competent defense counsel* inadvertently failed to raise the substantive claim of error...." 106 S.Ct. at 2642 (emphasis added). The Court described the *Wainwright* holding itself as "[a]t a minimum ... plainly impl[ying] that default ... by *counsel* ... would ... bind the habeas petitioner even if he had not personally waived that claim." *Id.* at 2644 (emphasis added). The Court reasoned that "[s]o long as a defendant is *represented by counsel* whose performance is not constitutionally ineffective," he must "bear the risk of *attorney error* that results in procedural default." *id.* at 2645–46 (emphasis added). It focused on "counsel's breach," the costs of "attorney error," sandbagging by "appellate counsel," "counsel's state of mind in failing to raise a claim," and "hold[ing] defendants to the errors of their attorneys." *Id.* at 2647. The Court then reaffirmed *Reed*'s holding that "*counsel's failure* to raise a particular claim ... on appeal" was governed by the "cause and prejudice." *Id.* at 2648 (emphasis added). It thus is clear that the Supreme Court in these cases simply did not consider, let alone decide, what standard applies to a default occurring while the defendant was acting *pro se.*

Furthermore, I agree with the Third Circuit's analysis in *Diggs v. United States,* 740 F.2d 239 (3d Cir.1984), in which the court, notwithstanding the majority's assertion to the contrary, did decide whether

the "cause and prejudice" standard applies to a *pro se* petitioner's procedural default. After noting that *Wainwright* did not overrule *Fay*'s application to a failure to appeal, the court stated: "Moreover, it would appear that application of the 'cause' prong of the cause and prejudice test has little meaning in the context of post-trial proceedings involving indigent litigants because they normally will be without the assistance of those schooled in the technicalities of our appellate procedures." *Id.* at 244–45 (footnote omitted). The majority ignores this analysis, and in refusing to distinguish between the errors of defendants and those of their counsel, instead relies on what it perceives as "the clear trend toward applying [*Wainwright*] and the apparent abandonment of *Fay*'s deliberate bypass standard." I believe that this reliance is misplaced because as I have demonstrated, the "trend" is not clear, and the "abandonment" is not apparent. Accordingly, I would hold that regardless of the general rule, the "deliberate by-pass" standard applies to a *pro se* petitioner's failure to appeal.

B. *Application of "Cause and Prejudice" Standard*

Even assuming that the "cause and prejudice" standard applies, I would reach the merits of Hughes's petition given the facts before us. There can be no doubt that Hughes has shown "prejudice" within the meaning of *Wainwright*. Hughes now is serving a 25–year prison sentence when he could have been serving a 15–year sentence. The prosecutor's failure to recommend unequivocally the shorter sentence, and his emphasis on certain aggravating circumstances, could well have resulted in the longer sentence.

Whether Hughes has shown "cause" for his default is a more difficult question. As the majority explains, Hughes claims that he is illiterate, and that he was incapable of perfecting an appeal or even understanding

that he could take an appeal.[3] The inmate who aided Hughes in preparing his state post-conviction application was released after the state judge who sentenced Hughes denied the application. Without the aid of this inmate, Hughes could not even gain access to the prison's law library due to the prison's policy of granting access only upon written request.

I believe that these facts are sufficient to establish cause for Hughes's failure to appeal. As the majority notes, the Supreme Court has not given precise definition to the term "cause," and has stated that the requirement "may be satisfied under certain circumstances when a procedural failure is not attributable to an intentional decision by counsel...." *Reed*, 468 U.S. at 14, 104 S.Ct. at 2909. However, contrary to the majority's suggestion that only "the failure to raise a constitutional issue reasonably unknown at the time of default" satisfies this standard, "*Reed* specifically left open for future decisions what other situations might constitute cause." *Middleton v. Cupp*, 768 F.2d 1083, 1087 (9th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 3336, 92 L.Ed.2d 741 (1986). Furthermore, none of the Supreme Court cases has discussed the procedural default rules as applied to a defendant acting *pro se* at the time of the default. Interestingly enough, in *Strickland v. Marshall*, 632 F.Supp. 590, 599 (S.D.Ohio), the case the majority cites as the only one "squarely addressing" this context, the district court held that "a petitioner who is representing himself on appeal because he is no longer entitled to the assistance of counsel should not be held to a stringent definition of 'cause.'" It is not clear to me why the majority ignores this part of *Strickland*, and adopts only its reasoning regarding the decision to apply the "cause and prejudice" standard instead of the "deliberate by-pass" standard. I believe that if we adopt the "cause and prejudice" standard, we should also adopt the *Strickland* approach to the "cause" requirement. Thus, we generally should

---

**3.** The state makes no attempt to contradict Hughes's claims in this regard, and we have no reason to doubt that they are true.

allow illiterate petitioners who were acting *pro se* at the time of default to have their habeas claims heard notwithstanding their failure to appeal. *Cf. Diggs*, 740 F.2d at 245 n. 8 (lack of representation arguably constitutes cause). This approach would be in accord with the Supreme Court's pronouncement that ineffective assistance of counsel is cause for a procedural default. *Murray*, 106 S.Ct. at 2646.

I reject the majority's suggestion that illiterate petitioners will purposely wait until the jurisdictional period has lapsed and then proceed directly to federal court borders. I seriously doubt that an illiterate petitioner would be aware of, let alone understand, the intricacies of the exhaustion and procedural default doctrines, which we ourselves often have difficulty understanding, to a degree necessary to formulate the scheme the majority seeks to prevent. *Cf. Diggs*, 740 F.2d at 244–45 ("cause" prong inapplicable to *pro se* petitioners who normally are without aid of those schooled in technicalities of appellate process). That there may be isolated abuses of the process in the manner that the majority suggests does not justify the adoption of a *per se* rule that illiteracy cannot be cause for failing to appeal. Rather, I would proceed on the assumption, unless the state shows otherwise, that an illiterate petitioner who was acting *pro se* at the time of default has cause for the default. This approach would not require us to grant a vast number of habeas petitions. It merely would enable us to reach the merits of those petitions, a consequence I hardly see as dire. Thus, I believe that Hughes has shown "cause and prejudice" for his default, and that we should reach the merits of his claim.

C. *Merits*[4]

In *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the Supreme Court held that prosecutors must keep plea bargains. In *Santobello*, the

state prosecutor's office had agreed to make no sentencing recommendation, but the prosecutor who appeared at sentencing, unaware of the agreement, recommended the maximum. The Supreme Court reversed, holding that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262, 92 S.Ct. at 499. Thus, in *Santobello*, the prosecutor's actions required reversal even though the sentencing judge stated that he was not influenced by the recommendation.

In light of *Santobello*, the district court erred in finding that the prosecution did not breach Hughes's plea agreement. The prosecutor not only failed to support the recommendation by giving reasons why it was appropriate, he openly encouraged the court to disregard the agreement by prefacing his remarks with reasons why the court should give Hughes the maximum, and stating that in his judgment, the court should give Hughes the maximum. Thus, the prosecutor breached the agreement because he did not merely leave " 'an impression with the court of less-than-enthusiastic support for leniency,' " but openly "expressed personal reservations about the agreement to which the Government had committed itself." *United States v. Benchimol*, 471 U.S. 453, 105 S.Ct. 2103, 2105, 85 L.Ed.2d 462 (1985) (per curiam). *See United States v. Grandinetti*, 564 F.2d 723, 727 (5th Cir.1977) (breach where prosecutor in effect argues against agreement); *United States v. Brown*, 500 F.2d 375, 377 (6th Cir.1974) (breach where prosecutor expresses reservations about agreement). Under these circumstances, we should vacate Hughes's sentence, and remand the case to Idaho state court for resentencing in light of a recommendation complying with the original agreement. Accordingly, I respectfully dissent.

---

**4.** Because of my resolution of the procedural default issue, I address the merits of Hughes's petition.