976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce W. McEVOY, Petitioner-Appellant,
v.
Jack McCORMICK, Respondent-Appellee.
 No. 92-35077.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bruce W. McEvoy, a Montana state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. The district court determined that McEvoy did not show cause for his state procedural default. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 The failure of a federal habeas petitioner to present his or her claims to the state's highest court for a determination on the merits, as required by state procedure, precludes federal review of the claims absent a showing of cause for the procedural default and actual prejudice. Reed v. Ross, 468 U.S. 1, 11 (1984); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Even in the absence of a showing of cause for procedural default, a federal habeas court may grant a writ of habeas corpus under extraordinary circumstances, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).
 
 
 4
 Here, McEvoy raised sixteen grounds for federal habeas corpus relief. The same sixteen claims also were raised by McEvoy in his state habeas petition. Nevertheless, McEvoy procedurally defaulted on those claims because he failed to present them on direct appeal in a petition for review to the Montana Supreme Court. See Reed, 468 U.S. at 11; Wainwright, 433 U.S. at 87. Therefore, this court cannot review the claims presented in his federal habeas petition unless McEvoy shows cause and actual prejudice. See id.
 
 
 5
 As cause for his procedural default, McEvoy contends that:
 
 
 6
 1) he could not afford to hire an attorney for the appeal or to produce a trial transcript;
 
 
 7
 2) his trial counsel was ineffective;
 
 
 8
 3) he did not know he had to file a notice of appeal in order to appeal his conviction;
 
 
 9
 4) he did not intentionally waive his right to appeal or seek postconviction relief; and
 
 
 10
 5) the state courts had two opportunities to resolve his claims on the merits.
 
 
 11
 McEvoy's first contention does not constitute cause for his procedural default because McEvoy failed to file a timely notice of appeal and requested neither the appointment of appellate counsel nor the production of trial transcripts during the time period for filing a notice of appeal. McEvoy's second contention cannot serve as cause for his procedural default because he did not exhaust that claim separately in state court. See Murray, 477 U.S. at 488-89 (an ineffective assistance of counsel claim first must be exhausted separately in state court before it can serve as cause for the procedural default of another claim). McEvoy's third contention fails as well because ignorance of the legal process does not constitute cause for procedural default. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986). McEvoy's fourth and fifth contentions cannot constitute cause because they are wholly without merit.
 
 
 12
 Because McEvoy failed to establish cause for his procedural default, this court need not consider whether McEvoy has shown actual prejudice resulting from the alleged constitutional violations. Smith v. Murray, 477 U.S. 527, 533 (1986). McEvoy also has failed to show any exceptional circumstances that would excuse his failure to show cause for his procedural default. See Murray, 477 U.S. at 496. Accordingly, the district court correctly determined that McEvoy's state procedural default barred federal review of the merits of his claims.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3