977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell WOODS, Petitioner-Appellant,
v.
Carl ZENON, Superintendent, Oregon State Correctional
Institution, Respondent-Appellee.
 No. 91-36244.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrell Woods, an Oregon state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Woods raised four grounds for federal habeas corpus relief. He claimed that his trial counsel was ineffective because he:
 
 
 4
 1) failed to move for a severance of Woods's case from that of his codefendants,
 
 
 5
 2) failed to move for the suppression of identification evidence,
 
 
 6
 3) failed to properly cross-examine one of the state's witnesses, and
 
 
 7
 4) failed to file a timely notice of appeal, or notify Woods of his right to appeal.
 
 Procedural Default
 
 8
 The failure of a federal habeas petitioner to present his or her claims to the state's highest court for a determination on the merits, as required by state procedure, precludes federal review of the claims absent a showing of cause for the procedural default and actual prejudice. Reed v. Ross, 468 U.S. 1, 11 (1984); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). The cause and prejudice standard of Wainwright applies to procedural defaults that take the form of a petitioner's failure to appeal the denial of his or her petition for postconviction relief. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 907-08 (9th Cir.1986). Even in the absence of a showing of cause for procedural default, a federal habeas court may grant a writ of habeas corpus under extraordinary circumstances, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).
 
 
 9
 Here, Woods did not directly appeal his conviction or sentence. He did, however, raise claims one through four in a petition for postconviction relief before the state trial court. Nevertheless, Woods procedurally defaulted on claims one, two, and four because he failed to present them in a petition for review to the Oregon Supreme Court. See Reed, 468 U.S. at 11; Wainwright, 433 U.S. at 87. Therefore, this court cannot review claims one, two, and four unless Woods shows cause and actual prejudice. See id.
 
 
 10
 Woods alleges neither cause for his procedural default nor resulting prejudice. In fact, he does not discuss the issues of cause and prejudice in his appellate brief. Accordingly, we affirm the district court's holding regarding this issue. See id.
 
 Cross-Examination of Witness
 
 11
 Woods contends that his trial counsel was ineffective because he failed to properly cross-examine the crime victim. This contention lacks merit.
 
 
 12
 To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance was deficient and that the deficient performance prejudiced his or her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Id. at 689. Prejudice is established if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 13
 Here, Woods specifically claims that on cross-examination of the crime victim, his counsel did not elicit facts indicating that Woods was not a participant in the robbery. Nevertheless, the record shows that Woods's counsel thoroughly cross-examined the crime victim and challenged the crime victim's claim that Woods was a participant in the robbery. Moreover, Woods has not demonstrated a reasonable probability that the result of the trial would have been different had the witness been more vigorously cross-examined. Accordingly, defense counsel's actions during cross-examination of the crime victim did not constitute ineffective assistance of counsel. See id. at 687, 689, 694.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3