28 F.3d 104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Donald ANDERSON, Petitioner-Appellant,
v.
Carl ZENON, Respondent-Appellee.
 No. 93-35540.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1994.
Decided June 24, 1994.
 
 Before: ALARCON, NORRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court dismissed James Donald Anderson's (Anderson) pro se 28 U.S.C. Sec. 2254 habeas corpus petition because Anderson failed to show cause and prejudice for his procedural default in state court.[1] Generally, before we reach the issue of whether a prisoner was justified in failing to petition for review, we must first make the threshold determination of whether the habeas corpus petition presents a federal constitutional claim.
 
 
 3
 Anderson's petition states the following three grounds for relief:
 
 
 4
 Parole Board erred in imposing a 36 month period of parole supervision.... At the time of crime [sic], Sept. 1985[,] the length of active parole supervision was 6 months as stated in Parole Board[']s own AOR rules on active parole supervision. The Board failed to apply 1985 law that governs active parole supervision. The 36 months imposed should be changed to 6 months active parole supervision.
 
 
 5
 Board of Parole erred in setting petitioner's prison terms at 48 months.... Parole Board erred in history/risk computation by deducting a point for prior felony convictions; however[,] there were no prior felony convictions at time of crime. Matrix on established H/R score was 24-36 months in prison. Board added 12 months for 1 standard deviation for aggravation. Giving defendant total of 48 months. By Parole Board[']s own AOR rules 1 standard deviation for aggravation at most 6 months [sic] be added to matrix."
 
 
 6
 Board of Parole erred in imposing as a condition of parole that petitioner must submit to sex offender evaluation.... Petitioner has claimed from the outset that sexual contact was consensual. There is no evidence medical or otherwise to substantiate victim[']s accusations. Victim was not harmed or threatened physically or emotionally in anyway. Other than instant case petitioner has never been accused of any sex crime.
 
 
 7
 Excerpts of Record (E.R.) 4-5. The superintendent concedes:
 
 
 8
 Petitioner did not specifically invoke any provisions of the Constitution in his pro se petition for habeas corpus. However, his contention that Oregon law did not authorize a 36-month term of active parole supervision at the time of his offense can fairly be deemed to state an ex-post-facto claim; and presumably, his contention that the Board violated its own rules in fixing the length of his term of imprisonment at 48 months can be deemed to state a due-process claim.
 
 
 9
 Brief for Appellee, at 7 n. 9. Because of the superintendent's concession, we assume that petitioner states a federal constitutional claim.
 
 
 10
 Before we reach the merits of his petition, we must determine whether Anderson exhausted his state remedies, as required by Rose v. Lundy, 455 U.S. 509, 510 (1982), or is now barred from doing so because of his failure to comply with a state procedural rule. Coleman v. Thompson, 111 S.Ct. 2546, 2557 n. 1 (1991). Anderson's appeal from the term fixed by the Oregon Board of Parole and Post-Prison Supervision was dismissed because he escaped from prison 6 days before his petition for review was filed in the Oregon Court of Appeals. Because Anderson failed to file a timely petition for review before the Oregon Supreme Court, he cannot now pursue his appeal from the Oregon Court of Appeals' judgment of dismissal. See Or.R.App.P. 9.05 (a petition for review of a decision of the Oregon Court of Appeals must be filed within 35 days). Thus, it would be futile to require Anderson to attempt to exhaust his state court remedies.
 
 
 11
 When review of a federal constitutional claim is procedurally barred by state law, the petitioner must show "cause" and "prejudice" for the failure to exhaust his state remedies. Id. at 2565; Hughes v. Idaho State Board of Corrections, 800 F.2d 905 (9th Cir.1986). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.... [A] showing that 'some interference by officials' made compliance impracticable, would constitute cause under this standard." Murray v. Carrier, 477 U.S. 478, 488 (1986).
 
 
 12
 Anderson argues that the Oregon Court of Appeals' dismissal of his appeal after he was returned to custody was the external factor that imposed his procedural default. He argues that had the Oregon Court of Appeals known that he was in custody, it would not have dismissed his appeal. This argument misses the point. Whether the Oregon Court of Appeals would have dismissed his appeal does not explain why he failed to petition for review of that dismissal to the Oregon Supreme Court.
 
 
 13
 Anderson was recaptured on March 18, 1992. He was sentenced on the escape charge on April 15. The Oregon Court of Appeals' dismissal was not entered until June 8, 1992. Anderson has offered no explanation for his delay in determining the status of his appeal or for failing to file a petition for review with the Oregon Supreme Court.
 
 
 14
 The district court's dismissal of his habeas corpus petition is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 28 U.S.C. Sec. 2254 provides in relevant part:
 (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.