39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry L. HUSTON, Petitioner-Appellant,
v.
James GOMEZ, Director; Attorney General of the State of
California, Respondents-Appellees.
 No. 94-55005.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Terry Huston appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus. The district court dismissed Huston's petition as an abuse of the writ. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253, and review for an abuse of discretion. Sanders v. United States, 373 U.S. 1, 18-19 (1963); Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994). We affirm.
 
 
 3
 A petitioner may abuse the writ by raising a claim in a second or subsequent petition for habeas corpus that he could have raised in his first petition. McCleskey v. Zant, 499 U.S. 467, 489 (1991). The state bears the burden of pleading abuse of the writ. Id. at 494. The state may meet this burden by noting the petitioner's prior writ history, identifying the claims that appear for the first time, and alleging abuse of the writ. Id. The burden then shifts to the petitioner to disprove abuse of the writ, which can be done only by showing cause for failing to raise the claim in an earlier petition, and prejudice resulting therefrom. Id.; Harris v. Vasquez, 949 F.2d 1497, 1511-12 (9th Cir.1990), cert. denied, 112 S.Ct. 1275 (1992). A petitioner who cannot show cause may nonetheless be excused if the court's failure to hear the claim would result in a fundamental miscarriage of justice. McCleskey, 499 U.S. at 494; Harris, 949 F.2d at 1511-12.[1]
 
 
 4
 Houston filed his first federal habeas petition in March, 1990. In that petition, Huston alleged that (1) he was denied due process when jailers confiscated material necessary to prepare his defense, (2) he was denied effective assistance of counsel when his attorney failed to present evidence about the confiscated documents to the jury, (3) his Sixth Amendment rights to counsel and to effective assistance of counsel were violated during his refusal to participate in a police lineup, (4) he was given an excessive sentence as punishment for exercising his right to a trial, and (5) his right to effective assistance of counsel was violated when his counsel refused to pursue the sentence agreement offer. The district court dismissed the petition, and this Court affirmed the dismissal in an unpublished memorandum disposition. See Huston v. Gomez, No. 91-55332, unpublished memorandum disposition (9th Cir. Jan. 21, 1992). In April, 1993, Huston filed the instant petition. In this petition, Houston alleges that the trial court erred by failing to properly warn Huston of the dangers of self-representation and obtain his waiver of counsel pursuant to Farreta v. California, 422 U.S. 806, 835 (1975).
 
 
 5
 In their Return to Huston's petition, the respondents pleaded abuse of the writ. In their Memorandum of Points and Authorities attached to the Return, the respondents noted Huston's prior writ history, identified the claim that appeared for the first time, and alleged abuse of the writ. Thus, the respondents met their burden of pleading abuse of the writ. See McCleskey, 499 U.S. at 489. We reject as frivolous Huston's contention that the respondents did not fulfill their burden because all the information was not pleaded in the return. The respondents met their burden under McCleskey by providing the necessary information in their memorandum attached to their return. See id.
 
 
 6
 Huston contends that the "cause and prejudice" standard should not apply to his case because he is proceeding pro se. Huston argues that the "actual knowledge" standard should apply to pro se petitioners. This contention lacks merit.
 
 
 7
 In McCleskey, the Supreme Court stated that "[t]he cause and prejudice analysis we have adopted for cases of procedural default applies to an abuse of the writ inquiry." Id. at 494. In this circuit, the cause and prejudice requirement applies to pro se petitioners who have procedurally defaulted their claims. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 908 (9th Cir.1986); see also Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988), cf. Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court ... federal habeas review ... is barred unless the prisoner can demonstrate cause for the default and actual prejudice). Therefore, because the respondents have pleaded abuse to the writ, to excuse his failure to raise his claim in his first habeas petition, Huston must show cause for failing to raise it and prejudice therefrom. See McCleskey, 499 U.S. at 494; see also Coleman, 501 U.S. at 750; Hughes, 800 F.2d at 908.
 
 
 8
 Huston has not demonstrated that some objective factor external to his efforts prevented him from raising the claim in his first habeas petition. See McCleskey, 499 U.S. at 493-94; Campbell, 997 F.2d at 521. As Huston lacks cause for failing to raise the claim in his first federal petition, we need not consider whether he would be prejudiced by his inability to raise this claim. See McCleskey, 499 U.S. at 494.
 
 
 9
 We do, however, address whether Huston has shown that if his claim was not heard on its merits, a fundamental miscarriage justice would occur, "such as where 'a constitutional violation probably caused the conviction of one innocent of the crime.' " Harris, 949 F.2d at 1511 (quoting McCleskey, 499 U.S. at 494). Upon review of the record, we conclude that Huston has not demonstrated that the alleged errors caused the conviction of an innocent person; therefore, he has not met this very narrow exception.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This standard for abuse of the writ, announced in McCleskey does not create a new rule of law. Harris, 949 F.2d at 1512. Accordingly, the cause and prejudice standard may be applied to cases which were pending when the rule was announced. Id.; Teague v. Lane, 489 U.S. 288, 310 (1989). Therefore, we reject Huston's contention that the cause and prejudice standard does not apply to his case because his petition was filed before McCleskey was decided