125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jospeh M. WASKO, Petitioner-Appellant,
v.
William DUNCAN, Warden, Respondent-Appellee.
 No. 96-56169.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Sept. 24, 1997.
 
 Appeal from the United States District Court for the Southern District of California Barry T. Moskowitz, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Joseph M. Wasko appeals pro se the district court's dismissal with prejudice of his 28 U.S.C. § 2254 habeas petition. Wasko contends that the district court abused its discretion by dismissing his third petition as an abuse of the writ pursuant to McCleskey v. Zant, 499 U.S. 467 (1991). We have jurisdiction under 28 U.S.C. § 2253. We review for an abuse of discretion, see Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), and affirm.
 
 
 3
 Wasko contends that the retroactive application of McCleskey to pending petitions is inherently unjust. This court has already rejected this argument. See Nevius v. Sumner, 105 F.3d 453, 461-62 (9th Cir.1996).
 
 
 4
 A petitioner must show cause for failing to previously raise new claims, and prejudice resulting from the errors he now alleges. See McCleskey, 499 U.S. at 494. The cause standard requires a showing that an objective, external impediment prevented the petitioner from constructing or raising his claim. See id. at 493-94. If a petitioner cannot show cause and prejudice, a court may still excuse his failure to raise his claims in an earlier petition if dismissal of the claim would result in a fundamental miscarriage of justice; that is, if the petitioner is actually innocent of the crime for which he was convicted. See id. at 494-95.
 
 
 5
 Here, Wasko has failed to establish the requisite cause for this court to examine his newly-presented claims. Wasko asserts ineffective assistance of counsel on direct appeal as cause because counsel failed to include the "new claims" on direct appeal. In effective assistance of counsel may constitute cause, if the representation amounts to an independent Sixth Amendment violation. See Bonin v. Calderon, 77 F.3d 1155, 1158 (9th Cir.), cert. denied, 116 S.Ct. 980 (1996). However, Wasko fails to explain why counsel's failure to raise the claims on direct appeal prevented him from raising them in his first federal habeas petition. Wasko also claims that he has demonstrated cause sufficient to excuse his failure to raise these claims in his earlier petition because of his lack of legal competence. This contention lacks merit because a habeas petitioner's pro se status does not constitute "cause." See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (explaining that pro se petitioner is accountable for procedural default even if he was illiterate).
 
 
 6
 Wasko contends that, despite his abuse of the writ, this is one of those "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime," McCleskey, 499 U.S. at 494, and that we must "exercise [our] equitable discretion to correct a miscarriage of justice," id. at 502. Having reviewed the record and considered Wasko's arguments, we are not persuaded that the constitutional violations he alleges "caused the conviction of an innocent person." See id. at 494-95.
 
 
 7
 Accordingly, the district court did not abuse its discretion by dismissing Wasko's section 2254 petition. See id.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3