**Radames Echeverria BERMUDEZ, Petitioner—Appellant,**

v.

**Gail LEWIS, Warden, et al., Respondents— Appellees.**

No. 02–15897.

D.C. No. CV–00–05442–REC.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

## MEMORANDUM **

California state prisoner Radames Escheverria Bermudez, sentenced to 25–years to life in prison for first-degree burglary, appeals pro se the dismissal of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the denial of a 28 U.S.C. § 2254 petition, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Bermudez first contends his mental incompetence prevented him from filing a timely federal petition. Bermudez's contention fails, because he was able to file petitions in state court during the years prior to his § 2254 petition, and because his evidence refers to mental health problems after he filed his § 2254 petition. *See id.* at 1107.

Bermudez next contends that he deserves equitable tolling because he is illiterate, indigent, ignorant of the law, and was not provided Spanish legal materials. Assuming these problems to be true, they would not constitute extraordinary factors preventing timely filing, especially in light of Bermudez's ability to file petitions in state court. *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986) (holding pre-AEDPA that illiteracy of pro se petitioner was not a sufficient objective, external factor amounting to "cause" for failure to present claim to state supreme court).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

