34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alan FAWCETT, Petitioner-Appellant,
v.
Lloyd F. HAMES, Commissioner, Commissioner of Corrections,
State of Alaska, Respondent-Appellee.
 No. 93-36198.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 11, 1994.
 
 Before: WALLACE, Chief Judge, HUG, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan Fawcett, an Alaska state prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. The district court determined that Fawcett had procedurally defaulted on his jury selection claim. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 A claim has been procedurally defaulted if the last state court rendering a judgment in the case clearly and expressly states that its judgment is based on a state procedural bar. Harris v. Reed, 489 U.S. 255, 263 (1989). If the highest state court does not explain the reason for denying a claim, the federal court must look back to the last reasoned state court decision to determine whether the claim is procedurally barred. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991). When a state procedural rule bars litigation of a claim in state court, federal habeas review is available only if the petitioner can show cause for the procedural default and actual prejudice as a result of the alleged violation of federal law. Coleman v. Thompson, 111 S.Ct. 2546, 2564 (1991); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 907 (9th Cir.1986).
 
 
 4
 The Sixth Amendment requires that juries must be drawn from a fair cross-section of the community. Taylor v. Louisiana, 419 U.S. 522, 528 (1975). In order to establish a violation of the fair cross-section requirement, a defendant must show that (1) the allegedly excluded group is a distinctive group in the community; (2) the representation of the group in venires from which juries are selected is not fair and reasonable in comparison to the number of members of that group in the community; and (3) this underrepresentation is due to systematic exclusion of the group in the jury selection process. Duren v. Missouri, 439 U.S. 357, 364 (1979); United States v. Sanchez-Lopez, 879 F.2d 541, 546-47 (9th Cir.1989).
 
 
 5
 Fawcett was charged with sexual assault. In the trial court, he brought a pre-trial motion challenging the exclusion of residents of Metlakatla, a community on Annette Island composed primarily of Tsimshian Indians, from the jury venire. Fawcett argued that exclusion of Metlakatla residents from the jury resulted in the exclusion of a cognizable group: Native Alaskans. Fawcett did not seek to break down the category of Native Alaskans into subgroups. In response to questions from the trial court, Fawcett's counsel confirmed that he did not seek to establish that any of the subgroups (for example, Tsimshian Indians) comprised a cognizable distinctive group for purposes of jury selection.
 
 
 6
 In his petition for post-conviction relief, Fawcett claimed that he was prejudiced by the exclusion of Metlakatla residents from his jury because "residents of Annette Island form a cognizable group, especially Tsimshian Indian members of the Metlakatla Indian community." The Superior Court found that Fawcett had waived his claim regarding the exclusion of any group other than Alaska Natives, because he failed to present evidence or argue that any other group comprised a cognizable excluded group in the trial court. The Alaska Court of Appeals also found that Fawcett had waived his jury selection claim regarding any group other than Native Alaskans, citing Alaska R.Crim.P. 35.1(h). The Alaska Supreme Court denied Fawcett's petition for review without comment.
 
 
 7
 In his federal habeas petition, Fawcett claims that his jury was improperly selected because residents of Annette Island, Metlakatla residents, and/or Tsimshian Indians were systematically excluded from the venire pool. We agree with the district court that these claims have been procedurally defaulted because they were not raised in the trial court. The Alaska Court of Appeals rejected these claims based on a state procedural bar. See Alaska Rule Crim.P. 35.1(h) (post-conviction relief is unavailable for claim that is waived at trial); Harris, 489 U.S. at 263. The Alaska Supreme Court's denial of Fawcett's petition for review without comment does not lift the procedural bar. See Ylst, 111 S.Ct. at 2594. Fawcett has not shown cause for this procedural default. See Coleman, 111 S.Ct. at 2564; Hughes, 800 F.2d at 907. Accordingly, the district court's dismissal of Fawcett's habeas petition is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3