**Gregory Paul JOHNSON, Petitioner–Appellant,**

v.

**Samuel LEWIS, et al., Respondents–Appellees.**

No. 90–16074.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 1991 *.

Decided March 22, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Gregory Paul Johnson, Tucson, Ariz., pro se.

Jack Roberts, Asst. Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before HUG, ALARCON and WIGGINS, Circuit Judges.

ALARCON, Circuit Judge:

Gregory Paul Johnson, a state prisoner, appeals *pro se* from the denial of his petition pursuant to 28 U.S.C. § 2254. The district court held that Johnson was barred from seeking review of his federal constitutional claim because he had failed to present it in the Arizona state courts. The district court also concluded that Johnson had failed to demonstrate cause and prejudice for his procedural default. We vacate and remand with directions because we conclude that Johnson is not barred from filing a petition for collateral review of his federal constitutional claim under Arizona law.

## FACTUAL BACKGROUND

An Arizona jury convicted Johnson of aggravated assault, armed robbery, and kidnapping. On his direct appeal before the Arizona Court of Appeals, Johnson's appointed counsel asserted that the trial court committed reversible error in its evidentiary rulings and that the prosecutor was guilty of misconduct. Johnson's appointed appellate counsel did not present a federal constitutional claim in support of these contentions. He relied solely on cases from Arizona and New York. The Arizona Court of Appeals affirmed the judgment of conviction. The Arizona Supreme Court denied review.

Johnson did not seek post-conviction collateral review of his federal constitutional claim before the Arizona courts pursuant to Rule 32.1, 17 Ariz.Rev.Stat.Ann., Rules of Criminal Procedure (1987). Instead, Johnson filed a petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Arizona. Johnson alleged that his federal constitutional due process right had been violated during his trial. In response, the State of Arizona, on behalf of the state officials, filed a motion to dismiss the petition claiming that Johnson had procedurally defaulted on his due process claim because he did not raise any federal constitutional issue on his direct appeal before the Arizona courts as required under Rule 32.2. The State further argued that Johnson did not come within any of the exceptions to Rule 32.2.

In response to the government's motion to dismiss the habeas corpus petition, the district court, in its order to show cause, stated as follows:

In his amended petition, Johnson raises six instances of alleged error during his trial, which he claims resulted in the denial of his federal due process rights. 'When a petitioner at one time could have raised his constitutional claim in state court but did not and is now barred from doing so by a state rule of procedure, he has procedurally defaulted on his claim.' *Tacho v. Martinez*, 862 F.2d 1376, 1378 (9th Cir.1988).

Johnson failed to raise his federal constitutional claims on direct appeal to the Arizona Court of Appeals. He is now barred from doing so by Rule 32.2, Arizona Rules of Criminal Procedure. Rule 32.2 provides as follows: 'a. Preclusion. A petitioner will not be given relief under this rule based upon any ground: ... (3) knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding....' Because Johnson was represented by appellate counsel, this Court infers that he knowingly, voluntarily and intelligently chose not to raise his federal constitutional claims in state court.

Johnson asserts that his federal constitutional claims were in fact presented in his direct appeal to the Arizona Court of Appeals, although not specifically labelled as such. However, neither Johnson's appellate briefs nor the Court of Appeals' decision makes any reference to any claim based on a violation of the federal constitution. Nor are any federal cases cited in the briefs or in the decision. The lack of 'fundamental error' found by the Court of Appeals was a lack of fundamental error under the Arizona state constitution.

The district court ordered Johnson "to show that [he] in any of the cases cited in his state appellate briefs advanced federal claims which are the same as those upon which he now seeks federal habeas relief, or alternatively to show cause for and prejudice from his procedural default on the six claims raised in his amended petition." The district court did not request that Johnson present evidence that might tend to prove that he did not knowingly, voluntarily, and intelligently fail to raise his federal constitutional claim.

Johnson filed a response to the order to show cause. He argued to the court that ... 'cause' for the procedural default exists in that under the circumstances of the case, appointed counsel's failure to raise the claim properly could not possibly have been the result of a strategic, tactical, or 'sandbagging' choice. And, that appointed appellate counsel's failure to properly raise the claims was against the known wishes of petitioner.

In support of this argument, Johnson submitted the affidavit by his state appointed appellate counsel, Mr. Jim D. Himelic. In his affidavit, Mr. Himelic stated that

[d]uring the process of preparing the Opening Brief and Reply Brief in the *state* case, I interviewed Mr. Gregory Paul Johnson at the State facility; that we discussed the issues to be raised in the Opening Brief; that at no time did Mr. Johnson intentionally waive or agree to waive any federal Constitutional argument that he may have concerning his Appeal; ... I did not intentionally waive or fail to raise any federal Constitutional arguments; in fact, I believe that the argument raised in the Brief, particularly the argument concerning the burden of proof and the misconduct of the Prosecutor, do in fact raise federal Constitutional arguments concerning the due process rights of an accused in a criminal trial.

## DISCUSSION

■ In this matter, we must decide whether the district court correctly determined that the petitioner was barred from seeking collateral review of his federal constitutional claim under Arizona law where the undisputed evidence showed (1) that he instructed his court-appointed appellate counsel to raise his federal constitutional claim in his direct appeal, and (2) that his attorney believed that he had raised the issue in the briefs filed on his client's behalf. Prior to the filing of Johnson's *pro se* response to the February 22, 1990, Order To Show Cause, the district court inferred from the fact that the petitioner was represented by counsel that "he knowingly, voluntarily, and intelligently chose not to raise his federal constitutional claims in state court." In denying the petition for federal habeas corpus relief on June 27, 1990, the district court held that because Johnson failed to raise his federal claims before the Arizona courts, "[h]e has thus procedurally defaulted and we proceed to determine whether he has made a sufficient showing of cause and prejudice." In the order of

June 27, 1990, the district court did not discuss nor cite the Arizona statutes that govern the right of a convict to seek review of the deprivation of federal constitutional rights during trial.

In its order denying federal habeas corpus relief, the district court made no reference to the uncontradicted evidence presented by Johnson in his Response To The Order To Show Cause. The record shows, contrary to the inference drawn by the district court *prior* to the filing of the petitioner's appointed appellate counsel's affidavit, that Johnson did *not* knowingly, voluntarily, and intelligently waive his federal due process claim before the Arizona courts. To the contrary, the undisputed evidence shows that the failure to raise Johnson's federal constitutional claim was against his instructions to his appointed counsel.

 The district court appears to have concluded that under Arizona law a state prisoner is conclusively presumed to have waived his right to present a federal constitutional claim if he or she is represented by counsel. An examination of Arizona law will demonstrate that Johnson is not barred from presenting his unexhausted federal constitutional claims in state court. Accordingly, Johnson was not required to demonstrate cause and prejudice in order to avoid a total denial of access to relief in the federal court system.

 A federal court has the authority to review a federal constitutional claim presented by a state prisoner if available state remedies have been exhausted. 28 U.S.C. § 2254(a), (b). If state remedies have not been exhausted, a district court must dismiss a petition filed pursuant to section 2254. *Rose v. Lundy*, 455 U.S. 509, 518–19, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). If a federal constitutional claim can no longer be raised because of a failure to follow the prescribed procedure for presenting such an issue, however, the claim is procedurally barred and the petition must be denied. *See Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643, 91 L.Ed.2d 397 (1982); *Tacho v. Martinez*,

862 F.2d 1376, 1378 (9th Cir.1988); *Matias v. Oshiro*, 683 F.2d 318, 321 (9th Cir.1982).

 An Arizona state prisoner may obtain collateral review of any federal constitutional claim in the Arizona state courts pursuant to Rule 32.1 of the Arizona Rules of Criminal Procedure. Under Rule 32.2(a) such review is barred, however, if (1) the issues are still raisable on direct appeal or on a post-trial motion, (2) they have been finally adjudicated on the merits on appeal or in a previous collateral proceeding, or (3) they were "knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding." Subsection (c) of Rule 32.2 provides that

> [t]he court *may* infer from the petitioner's failure to raise an issue on appeal after being advised by the sentencing judge of the necessity that he do so, *or* his failure to raise any ground then available to him *in a previous Rule 32 proceeding in which he was represented by counsel,* that he knowingly, voluntarily and intentionally relinquished the right to do so. (emphasis added).

Contrary to the district court's interpretation of Rule 32.2(c), Arizona law does not compel an inference of the waiver of a convict's right to seek review of a federal constitutional claim if he or she was represented by counsel on direct appeal. First, the language of subsection (c) is permissive. More importantly, the reference to representation by counsel is limited to previous Rule 32 proceedings. Johnson has not previously filed for Rule 32 relief in Arizona. Thus, the inference of the waiver provisions of Rule 32.2(c) is inapplicable to him. The district court misapplied Arizona law in determining that Johnson was procedurally barred from raising his unexhausted federal constitutional claim before the Arizona courts solely because he was represented by court-appointed appellate counsel. The district court's reliance on *Tacho v. Martinez*, 862 F.2d 1376 (9th Cir.1988), is misplaced. In *Tacho v. Martinez*, the Arizona Supreme Court denied the petitioner's third request for Rule 32 relief without citation or comment. *Id.* at 1378. The third Rule 32 petition raised a claim of

ineffective assistance of counsel. *Id.* We concluded in *Tacho v. Martinez*, that the Arizona Supreme Court denied the petition because this claim had not been raised on direct appeal or his two prior Rule 32 petitions. *Id.* at 1379. In the instant matter, Johnson has not raised his federal constitutional claim in a Rule 32 proceeding before the Arizona courts. Furthermore, no Arizona court has concluded that Johnson is procedurally barred from raising his unexhausted due process claim. Thus, our decision in *Tacho v. Martinez* is not dispositive of the novel question presented in this appeal.

In *Clark v. Ricketts*, 886 F.2d 1152 (9th Cir.1989), in a proceeding pursuant to section 2254, the district court denied a state prisoner's motion to "seek additional relief in state court" because the unexhausted claims were procedurally barred. *Id.* at 1155. We agreed with the district court that "it would have been pointless to send him back to state court." *Id.* We noted further that Clark filed his section 2254 petition "after exhausting his state court remedies." *Id.* at 1154.

In *Clark v. Ricketts*, we were not called upon to decide whether an inference of waiver must be drawn pursuant to subsection (c) of Rule 32.2, notwithstanding the uncontradicted evidence that the petitioner instructed his court-appointed counsel to raise his unexhausted federal constitutional claim in his direct appeal. Furthermore, in the matter *sub judice*, Johnson has not exhausted his state court remedies. Therefore, it would not be pointless to permit Johnson to return to the Arizona courts. An Arizona court may decide that subsection (c) of Rule 32.2 does not bar consideration of Johnson's unexhausted due process claim and proceed to grant him the relief he has requested in his section 2254 petition.

The Arizona Supreme Court has construed subsection (c) of Rule 32.2 more narrowly than the district court. In *State v. Carriger*, 143 Ariz. 142, 692 P.2d 991 (1984), *cert. denied* 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 864 (1984), Arizona's highest court held that "[t]o support a finding of waiver under subsection (c) [of Rule 32.2], the record must indicate that petitioner was aware of the necessity of raising in his appeal the claim he now presents and that he knowingly, voluntarily and intentionally waived his right to present the claim." *Id.* 692 P.2d at 995. *See also State v. Conner*, 163 Ariz. 97, 786 P.2d 948, 951 (1990) (a waiver pursuant to Rule 32.2(c) permissible where the trial court properly concluded that the omission of the claim in the previous Rule 32 proceeding was intentional). The record in this matter does not indicate that Johnson knowingly, voluntarily, and intelligently waived his right to present his federal constitutional claim.

## CONCLUSION

The district court erred in denying federal habeas corpus relief because of its mistaken conclusion that Johnson's due process claim was procedurally barred under Arizona law. Because his federal constitutional claim is unexhausted, the petition should have been *dismissed* without prejudice to refiling if exhaustion of state remedies does not moot Johnson's federal constitutional issue.

Since Johnson has demonstrated that he did *not* waive his right to collateral review of his federal constitutional claim in state court, he was not required to show cause and prejudice for his failure to present the issue in his direct appeal. The order denying the petition for federal habeas corpus relief is VACATED. This matter is REMANDED with directions to enter an order dismissing the petition for federal habeas corpus relief without prejudice.