995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vernon Eugene SMITH, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent Respondent-Appellee.
 No. 91-35949.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1992.
Decided June 7, 1993.
 
 Before HUG, FLETCHER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vernon Eugene Smith, an Oregon state prisoner, appeals the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2254 challenging the Oregon parole board's deferral of his release date on due process and equal protection grounds. The district court adopted the findings and recommendation of a magistrate judge that the claims were moot and, in any event, Smith was not entitled to relief on the merits. Because Smith failed to exhaust his equal protection claim, the district court was obligated to dismiss Smith's petition.
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 Smith was convicted of manslaughter and in September 1980 sentenced to twenty years in prison with a mandatory minimum of ten years. He is incarcerated at the Oregon State Penitentiary. In Oregon, eligibility for parole is determined pursuant to a statutory parole review scheme and a comprehensive set of regulatory guidelines specifying how to calculate a prisoner's release date. Or.Rev.Stat. §§ 144.120(2), 144.780. Within a certain number of months following a prisoner's admission to a correctional institution, the state parole board conducts a parole hearing and, except in certain cases involving particularly violent or dangerous offenders, sets an initial release date. Or.Rev.Stat. § 144.120. Under the Oregon scheme, a prisoner's release date may be postponed if the prisoner is diagnosed by the parole board's psychologist as suffering from a "present severe emotional disturbance such as to constitute a danger to the health or safety of the community." Or.Rev.Stat. § 144.125(3). Smith's parole date has been deferred at least three times for this reason, in November 1986, November 1987, and January 1989.
 
 
 4
 Asserting a denial of due process, Smith appealed the November 1987 decision to the Oregon Court of Appeals, which affirmed the parole board's action without opinion. The Oregon Supreme Court denied Smith's petition for review. In his collateral attack on the parole scheme, Smith, who is indigent, contends that the state's failure to provide him with access to an independent psychologist to challenge the findings of the board psychologist constitutes a violation of due process and equal protection.[1]
 
 DISCUSSION
 
 5
 The state contends that Smith has procedurally defaulted his federal claims by failing adequately to present them in his direct appeal of the parole board's decision to the Oregon state courts. If the petitioner has procedurally defaulted his federal claims, federal habeas review is barred unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). A failure to exhaust state remedies constitutes procedural default if it is clear that "the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Id. at 2557 n. 1; Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991).
 
 
 6
 For purposes of exhaustion, a claim is fairly presented to the state court if the petitioner describes the operative facts and legal theory on which his claim is based. Picard v. Connor, 404 U.S. 270, 277-78 (1971). On direct appeal Smith asserted that Oregon prisoners have a liberty interest in release under the Oregon parole scheme, which was a necessary predicate to his due process challenge, and claimed that he had been denied sufficient process by having an otherwise "firm" date for release set aside simply on account of a psychological evaluation. (See C.R. 7 Ex. 103 at 11-12, 14.) Although he did not argue before the state, as he does here, that he was entitled to an independent psychological examination, Smith did present the crux of his due process concern to the Oregon courts: that the promise of liberty held out by the Oregon parole scheme could be undermined without much process on the basis of a single doctor's findings.
 
 
 7
 If we assume that the Oregon courts agreed with Smith that he has a liberty interest in release under Oregon's parole scheme, in order to examine Smith's procedural due process claim, they necessarily would have had to consider the crucial role of the parole board's psychologist in causing postponement of Smith's release date. Such an inquiry would logically entail finding out whether Smith had sufficient opportunity to challenge the doctor's findings. This is especially so since the transcript of the November 1987 hearing clearly reflects Smith's dissatisfaction with the board psychologist's evaluation as well as Smith's desire to be independently evaluated. We conclude that the Oregon courts had a "full and fair opportunity" to address the substance of Smith's due process claim. See Tamapua v. Shimoda, 796 F.2d 261, 263 (9th Cir.1986). Since Smith petitioned the Oregon Supreme Court for review of the unfavorable decision of the Court of Appeals, his due process claim was exhausted and not procedurally defaulted.
 
 
 8
 The same cannot be said of Smith's equal protection claim. In his habeas petition, Smith asserts that the state's failure to provide him with the means of obtaining a private evaluation violated the equal protection clause because prisoners who are able to afford such an evaluation "are given considerably more protection" in the parole review process than are indigent inmates such as Smith. (Appellant's Opening Br. at 15.) This theory nowhere appears in the briefs in support of Smith's direct appeal to the state courts; the only mention of equal protection occurs in Smith's discussion of Baxstrom v. Herold, 383 U.S. 107 (1966), which holds that the equal protection clause mandates that prisoners for whom involuntary commitment to a mental institution is sought at the expiration of their sentences be afforded the same procedural protections as nonprisoners.
 
 
 9
 The equal protection challenge raised in Smith's petition turns on indigency, not incarceration. The brief and inapposite reference to Baxstrom did not provide the Oregon courts with adequate notice of the nature of Smith's equal protection challenge. Since Smith's equal protection and due process claims are conceptually distinct, we also reject his contention that his equal protection claim was adequately presented to the Oregon courts because "equal protection is related and a component of due process." (Appellant's Reply Br. at 5 (citing Bolling v. Sharpe, 347 U.S. 497, 499 (1954)).)
 
 
 10
 Because Smith did not adequately present his equal protection claim to the Oregon courts, we next must determine whether the claim is procedurally defaulted and technically exhausted because Smith is now bereft of any possible state remedy, as the state asserts, or instead, simply unexhausted because of a possibility that the state courts could consider the claim in a state postconviction or habeas corpus proceeding. See Ore.Rev.Stat. §§ 138.510-.680 (postconviction relief). The state has not cited, nor have we been able to locate, any authority in support of its contention that all potential avenues of state relief are closed. Where no state court has determined that Smith is procedurally barred from seeking review of his equal protection claim and state law does not appear to mandate a finding of default, we cannot assume that Smith would be unable to pursue the claim in the Oregon courts. Johnson, 929 F.2d at 464. For this reason we are compelled to conclude that Smith's equal protection claim has not been exhausted. Id. 463-64.
 
 
 11
 A state prisoner's habeas petition will be dismissed if he has not exhausted available state remedies as to any of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982). Since Smith has failed to exhaust his remedies with respect to the equal protection claim, his entire petition must be dismissed. Id. at 518-20.[2]
 
 
 12
 We REMAND and direct that the district court vacate its order adopting the magistrate's findings and recommendation and further direct that it dismiss the petition without prejudice to Smith's refiling should exhaustion of his state remedies not moot his federal constitutional claims.
 
 
 13
 REMANDED with instructions.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Smith's petition alleges that Oregon's parole scheme violates due process and constitutes cruel and unusual punishment. The magistrate judge granted Smith's motion to amend his petition to include an additional claim that Smith was denied equal protection. Although Smith briefed this issue, he did not actually file an amended petition pursuant to the order. For reasons of judicial economy, the magistrate judge ordered the government to respond to the equal protection claim nonetheless and treated it as properly before the court
 Smith has not pursued the cruel and unusual punishment claim on appeal.
 
 
 [2]
 At oral argument, Smith's counsel was asked if he would be willing to forego his equal protection claim should the panel decide Smith had not exhausted it. Smith's counsel indicated he wished to pursue it