15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael M. RAMADANOVIC, Petitioner-Appellant,
v.
Daniel VASQUEZ, Respondent-Appellee.
 No. 92-16974.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 22, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael M. Ramadanovic, a Florida state prisoner subject to a detainer lodged by the State of California,[1] appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition for failure to exhaust state remedies. Ramadanovic was convicted by the California Superior Court for Merced County of first degree murder with special circumstances on July 27, 1981. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies before a federal court may consider the merits of his habeas corpus petition. See 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 516 (1982). A state prisoner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to federal court. Picard v. Connor, 404 U.S. 270, 275 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). Full and fair presentation of claims to the state court requires full factual development of the claims in that forum. Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1719 (1992).
 
 
 4
 Here, Ramadanovic has failed to exhaust his state remedies. Ramadanovic has never sought review of his conviction before the California Supreme Court, either on direct appeal or by pursuing his collateral remedies. In addition, Ramadanovic has not shown that state remedies are no longer available. Accordingly, the district court properly dismissed the petition without prejudice for failure to exhaust state remedies. See 28 U.S.C. Sec. 2254(b); Rose, 455 U.S. at 516.[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A petitioner held in one state can attack a detainer lodged against him by another state. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 498-99 (1973)
 
 
 [2]
 Ramadanovic contends that the district court erred in dismissing his petition with prejudice by finding a procedural default. Although the district court erroneously referred to the "cause and prejudice" language of procedural default, the district court correctly concluded that the petition should be dismissed for failure to exhaust state remedies. As a dismissal for failure to exhaust state remedies is without prejudice, Ramadanovic is not precluded from returning to the federal courts once he has exhausted his state remedies. See e.g., Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991) (district court erred in denying claim as procedurally barred where claim was unexhausted and should have been dismissed without prejudice)