19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar GRANT, Petitioner-Appellant,
v.
Robert BORG, et al., Respondent-Appellee.
 No. 93-15032.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 2, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Oscar Grant appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. The district court found that Grant had procedurally defaulted on his first two claims and that his third claim was without merit. We conclude that Grant has failed to exhaust his state remedies on his first two claims. Therefore, Grant's petition should have been dismissed without prejudice as a mixed petition of exhausted and unexhausted claims.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, 2253. We review de novo a district court's decision on a petition for writ of habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). We vacate and remand.
 
 
 4
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. Sec. 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). A petitioner can satisfy the exhaustion requirement by giving the highest state court a fair opportunity to consider each of his claims before he presents them to the federal courts. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). A federal court must dismiss a petition for a writ of habeas corpus that contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982).
 
 
 5
 In his federal petition for habeas corpus relief, Grant alleges three trial errors: (1) the trial court lacked jurisdiction to convict him of felony murder because he was not properly charged; (2) the trial court failed to instruct the jury that the reasonable doubt standard applied to any finding of conspiracy; and (3) the prosecutor used peremptory challenges in a racially-discriminatory manner.
 
 
 6
 Grant's three federal habeas claims were raised on direct appeal in the California Court of Appeal. His conviction and sentence were affirmed. Grant sought review in the California Supreme Court. However, Grant only sought review of his claim that the prosecutor used peremptory challenges in a racially-discriminatory manner. The California Supreme Court denied review without citation.
 
 
 7
 Because Grant has not presented his first two claims to California's highest state court, he has not exhausted his available state court remedies.[1] See Picard, 404 U.S. at 275-76; Middleton, 768 F.2d at 1086. Thus, the district court erred in finding that Grant had procedurally defaulted on his first two claims. See Johnson v. Lewis, 929 F.2d 460, 464 (9th Cir.1991). Therefore, the district court should have dismissed Grant's petition because it contained both exhausted and unexhausted claims. See Rose, 455 U.S. at 522.
 
 
 8
 Accordingly, the order denying habeas corpus relief is vacated. This matter is remanded with instructions to enter an order dismissing the petition for federal habeas corpus relief without prejudice.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because no California court has concluded that Grant is procedurally barred from raising these two claims, we decline to exercise our authority to determine whether Grant is procedurally barred under state law. Cf. Johnson v. Lewis, 929 F.2d 460, 463-64 (9th Cir.1991)
 Under California law, the general rule is that habeas corpus cannot serve as a substitute for an appeal and that the writ will not be granted where the claimed errors could have been, but were not, raised on direct appeal from a judgment of conviction. In re Dixon, 264 P.2d 513, 514 (Cal.1953). However, as the California Supreme Court stated in In re Wallace, 475 P.2d 208, 210 (Cal.1970), the requirement of exhaustion of appellate remedies is merely a discretionary policy. "When special circumstances are shown, compliance with this 'requirement' may be excused and the petition may be considered on its merits." Id. Rather than speculate as to whether the California Supreme Court would consider the merits of Grant's two unexhausted claims or find them procedurally defaulted, we believe that the California Supreme Court should make that determination itself.