34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Tanner MARCHAM, Petitioner-Appellant,
v.
George HERMAN; Attorney General of the State of Arizona,
Respondents-Appellees.
 No. 93-17101.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Mark Tanner Marcham appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus. The district court determined that Marcham had procedurally defaulted his claims by not properly exhausting state court remedies. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We review de novo the district court's decision on a petition for writ of habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). We affirm.
 
 
 3
 Marcham contends that the district court erred by finding that he had procedurally defaulted his claim that his sentence for aggravated assault was improperly enhanced by his alleged invalid 1978 conviction for possession of stolen property. Marcham argues that he exhausted this claim in a 1987 state petition for writ of habeas corpus challenging his 1978 conviction. This contention lacks merit.
 
 
 4
 When a state prisoner at one time could have raised his claims in state court but did not and is now barred from doing so by a state rule of procedure, he has procedurally defaulted his claims. Murray v. Carrier, 477 U.S. 478, 485 (1986); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906-08 (9th Cir.1988).
 
 
 5
 In Arizona, a criminal defendant may obtain collateral review of his claims in the Arizona state courts by filing a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32.1. See Ariz.R.Crim.P. 32.1; see also Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991). However, collateral review is barred if the issues: (1) are still raisable on direct appeal or in a post-trial motion; (2) have been finally adjudicated on the merits on appeal or in a previous collateral proceeding; or (3) have been waived at trial, on appeal, or in any previous collateral proceeding. See Ariz.R.Crim.P. 32.2(a); see also Johnson, 929 F.2d at 463 (interpreting former version of Rule 32.2).
 
 
 6
 Recently, we held that "Rule 32 is meant to encompass the grounds available under a writ of habeas corpus, but habeas corpus relief remains available for claims which fall outside the scope of Rule 32." Roettgen v. Copeland, No. 93-15760, slip op. 9201, 9205 (9th Cir. Aug. 16, 1994). Thus, to properly exhaust claims that are cognizable under Rule 32 a criminal defendant must bring them in a Rule 32 petition for post-conviction relief, not in a petition for habeas corpus. Id.
 
 
 7
 On 1 February 1978, Marcham pleaded guilty to possession of stolen property. On 27 February 1978, the trial court suspended the imposition of sentences for a period of three years and placed Marcham on probation. Marcham did not appeal.[1]
 
 
 8
 On 10 September 1985, Marcham pleaded guilty to charges of possession of marijuana and misconduct involving weapons. On 8 October 1985, the trial court suspended the imposition of sentence for a period of three years and placed Marcham on probation. Marcham did not appeal. However, on 7 May 1987, Marcham filed a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32 alleging that his counsel provide ineffective assistance.[2] Marcham's petition was dismissed and he did not seek review of the dismissal.
 
 
 9
 In 1987, Marcham filed a Rule 32 petition for post-conviction relief challenging his 1978 conviction for possession of stolen property. Marcham alleged that his trial counsel was ineffective. On 28 May 1987, the trial court summarily dismissed the petition. Marcham did not seek review of the dismissal.
 
 
 10
 On 26 March 1987, Marcham was found guilty of aggravated assault. During his trial testimony, Marcham admitted that he had been convicted of possession of marijuana in 1985. Following the jury verdict, Marcham admitted that he had been convicted of possession of stolen property in 1978. On 15 April 1987, the trial court sentenced Marcham to 11.25 years, the presumptive term for a class three felony with two prior convictions. On direct appeal Marcham raised one issue: whether it was a fundamental error to allow a "deaf mute person" to serve on the jury. The Arizona Court of Appeals rejected Marcham's claim and affirmed his conviction and sentence. State v. Marcham, 770 P.2d 356 (Ariz.Ct.App.1988). Marcham did not seek review of the decision. However, while his direct appeal was pending, Marcham filed a Rule 32 petition for post-conviction relief alleging that his sentence was improper. The trial court summarily dismissed the petition. The Arizona Court of Appeals affirmed the trial court's dismissal. Marcham did not seek review in the Arizona Supreme Court. On 24 October 1988, Marcham filed a second Rule 32 petition for post-conviction relief alleging that his trial counsel had been ineffective and that he was denied due process because a deaf person served on the jury. Finding that review was precluded, the trial court dismissed Marcham's petition. The Arizona Court of Appeals affirmed the dismissal, and Marcham did not seek discretionary review in the Arizona Supreme Court.
 
 
 11
 In March 1988, Marcham filed a petition for writ of habeas corpus in the Arizona Supreme Court alleging that his 1978 conviction for possession of stolen property was invalid because: (1) his trial counsel provided ineffective assistance; (2) he received no concession from the prosecution in exchange for his guilty plea; and (3) there was insufficient factual basis for his guilty plea. On 23 March 1989, the Arizona Supreme court declined to accept jurisdiction.
 
 
 12
 Marcham filed the instant federal petition for writ of habeas corpus raising only the claims raised in his state petition for habeas corpus relief. The district court found that Marcham had not exhausted his state court remedies and is now procedurally barred from doing so.
 
 
 13
 Like the district court, we reject Marcham's contention that he exhausted his state court remedies by filing his petition for writ of habeas corpus in the Arizona Supreme Court. Marcham's claims were cognizable under Rule 32. See Ariz.R.Crim.P. 32.1(a) (constitutional claims). Because Marcham's claims were cognizable under Rule 32.1(a), he could not have properly exhausted his state court remedies by presenting them in a petition for writ of habeas corpus in the Arizona Supreme Court. See Roettgen, slip op. at 9205. Moreover, because Marcham has already litigated two Rule 32 petitions in the Arizona courts challenging his conviction and sentence for aggravated assault, he has no available state court remedies. See Ariz.R.Crim.P. 32.2(a); see also Johnson, 929 F.2d at 463. Therefore, Marcham has procedurally defaulted his claims. See Murray, 477 U.S. at 485; Hughes, 800 F.2d at 906-08.
 
 
 14
 Marcham contends that he need not establish "cause and prejudice" for his procedural default. In the alternative, Marcham contends that his procedural default may be attributed to ineffective assistance of counsel and the prison's denial of access to a law library. These contentions are without merit.
 
 
 15
 We reject Marcham's contention that the deliberate-bypass standard is still applicable to state criminal defendants. See Coleman, 111 S.Ct. 2565; Hughes, 800 F.2d at 908. Furthermore, a claim of ineffective assistance of counsel must be separately exhausted in state court before it can serve as cause for the procedural default of another claim. See Murray, 477 U.S. at 488-89. Moreover, Marcham has not alleged that he was denied legal assistance or legal material. Because Marcham has not properly exhausted any claim of ineffective assistance of counsel, and because he has not established a factual basis for his allegation that he was denied legal material or assistance, we conclude that Marcham has failed to demonstrate cause for his procedural default. See Murray, 477 U.S. at 488; Tacho, 862 F.2d at 1381; Hughes, 800 F.2d at 908.
 
 
 16
 Finally, we reject Marcham's contention that he is entitled to federal habeas review despite his procedural default. "[I]n an extraordinary case, where the constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Murray, 477 U.S. at 498; accord Hughes, 800 F.2d at 909. Marcham does not meet this narrow exception; therefore, we are unable to overlook his procedural default. See Murray, 477 U.S. at 498; Hughes, 800 F.2d at 909.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On 26 June 1979, the state trial court revoked Marcham's probation and sentenced him to prison for three to four years. Again, Marcham did not appeal
 
 
 [2]
 Again, Marcham's probation was revoked and he was sentenced to a concurrent prison term. Marcham did not appeal