34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Orona MORALES, Petitioner-Appellant,
v.
James A. THOMAS; et al., Respondents-Appellees.
 No. 93-17147.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner David Orona Morales appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus. The district court determined that Morales had procedurally defaulted his claims by not properly exhausting state court remedies. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We review de novo the district court's decision on a petition for writ of habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). We affirm.
 
 
 3
 When a state prisoner at one time could have raised his claims in state court but did not and is now barred from doing so by a state rule of procedure, he has procedurally defaulted his claims. Murray v. Carrier, 477 U.S. 478, 485 (1986); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906-08 (9th Cir.1988).
 
 
 4
 In Arizona, a criminal defendant may obtain collateral review of his claims in the Arizona state courts by filing a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32.1. See Ariz.R.Crim.P. 32.1; see also Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991). However, collateral review is barred if the issues: (1) are still raisable on direct appeal or in a post-trial motion; (2) have been finally adjudicated on the merits on appeal or in a previous collateral proceeding; or (3) have been waived at trial, on appeal, or in any previous collateral proceeding. See Ariz.R.Crim.P. 32.2(a); see also Johnson, 929 F.2d at 463 (interpreting former version of Rule 32.2).
 
 
 5
 Recently, we held that "Rule 32 is meant to encompass the grounds available under a writ of habeas corpus, but habeas corpus relief remains available for claims which fall outside the scope of Rule 32." Roettgen v. Copeland, No. 93-15760, slip op. 9201, 9205 (9th Cir. Aug. 16, 1994). Thus, to properly exhaust claims that are cognizable under Rule 32 a criminal defendant must bring them in a Rule 32 petition for post-conviction relief, not in a petition for habeas corpus. Id.
 
 
 6
 Morales was convicted in state court of one count of second-degree burglary and one count of theft. Morales's direct appeal was stayed pending the outcome of his Rule 32 petition for post-conviction relief. In this petition, Morales alleged that his trial counsel was ineffective in failing to: (1) properly advise him of the legal ramifications of his prior convictions; (2) provide him with transcripts of witness interview; (3) object to the verdict regarding multiple prior convictions; and (4) prepare adequately for trial. The petition was denied without an evidentiary hearing. Morales's direct appeal was consolidated with the appeal of the dismissal of his Rule 32 petition. Morales alleged that the trial court erred by: (1) admitting prejudicial evidence suggesting prior convictions; (2) permitting the testimony of a witness in violation of state disclosures rules; and (3) denying his Rule 32 petition without an evidentiary hearing. The Court of Appeals affirmed Morales's conviction and the denial of his Rule 32 petition. The Arizona Supreme Court denied without comment Morales's pro se petition for discretionary review.
 
 
 7
 Morales filed a petition for writ of habeas corpus in the Arizona Supreme Court. In this petition, Morales raised three issues: (1) improper use of a prior federal conviction to enhance state sentence; (2) improper use of prior state convictions to enhance state sentence; and (3) ineffective assistance of appellate counsel. The Arizona Supreme Court dismissed Morales's petition finding that it presented nothing upon which relief could be granted. Morales then filed the instant federal petition for writ of habeas corpus raising only the claims raised in his state petition for habeas corpus relief.
 
 
 8
 The district court dismissed the petition because Morales had procedurally defaulted on these claims. The district court found that Morales had not exhausted his state court remedies and is now procedurally barred from doing so. We agree. Morales's claims were cognizable under Rule 32. See Ariz.R.Crim.P. 32.1(a) (constitutional claims); 32.1(c) (improper sentence). Therefore, because Morales's claims were cognizable under Rule 32.1, he could not have properly exhausted his state court remedies by presenting them in a petition for writ of habeas corpus in the Arizona Supreme Court. See Roettgen, slip op. at 9205. Moreover, because Morales has already litigated a Rule 32 petition in the Arizona courts, he has no available state court remedies. See Ariz.R.Crim.P. 32.2(a); see also Johnson, 929 F.2d at 463. Therefore, Morales has procedurally defaulted his claims. See Murray, 477 U.S. at 485; Hughes, 800 F.2d at 906-08. Furthermore, because Morales has failed to argue "cause and prejudice" for his procedural default, federal habeas review of his claims is barred. See Coleman, 111 S.Ct. at 2565; Hughes, 800 F.2d at 906-08.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3