41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gettus Leroy MINTZ, Petitioner-Appellant,
v.
Samuel LEWIS; Attorney General of the State of Arizona,
Respondents-Appellees.
 No. 94-15599.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 11, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gettus Leroy Mintz, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his state conviction for attempted armed robbery. We have jurisdiction under 28 U.S.C. Sec. 2253, and review de novo. Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990). We affirm.
 
 
 3
 Mintz alleges seven constitutional errors in his state trial court proceedings: (1) the state's introduction of prior bad acts evidence in its case-in-chief was improper; (2) the state's peremptory challenge of the only black member of the venire was discriminatory; (3) the trial court erred by prohibiting Mintz from introducing expert testimony on eyewitness identification; (4) the grand jury was never read the statute relating to attempt, and therefore there could not have been a finding of probable cause; (5) the indictment, in violation of due process, failed to cite the attempt statute or its language; (6) the trial court did not have jurisdiction because no information was ever filed in the trial court; and (7) the initial complaint was dismissed and later refiled, rather than a new complaint being issued, in violation of due process.
 
 
 4
 Mintz failed to raise the first three issues in his federal habeas petition and we decline to address them for the first time on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987) (declining to address ineffective assistance of counsel claim because habeas petitioner did not raise it before the district court).
 
 
 5
 Mintz contends the district court erred by finding that he had procedurally defaulted on the claims he raised in his petition. This contention lacks merit.
 
 
 6
 When a state prisoner at one time could have raised his claims in state court but did not and is now barred from doing so by a state rule of procedure, he has procedurally defaulted his claims. Murray v. Carrier, 477 U.S. 478, 485 (1986); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). A state prisoner who has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule is barred from raising those claims in a federal habeas petition unless he can demonstrate cause for the procedural default and actual prejudice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906-08 (9th Cir.1988).
 
 
 7
 In Arizona, a criminal defendant may obtain collateral review of his claims in the Arizona state courts by filing a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32.1. See Ariz.R.Crim.P. 32.1; see also Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991). However, collateral review is barred if the issues: (1) are still raisable on direct appeal or in a post-trial motion; (2) have been finally adjudicated on the merits on appeal or in a previous collateral proceeding; or (3) have been waived at trial, on appeal, or in any previous collateral proceeding. See Ariz.R.Crim.P. 32.2(a); see also Johnson, 929 F.2d at 463 (interpreting former version of Rule 32.2).
 
 
 8
 Recently, we held that "Rule 32 is meant to encompass the grounds available under a writ of habeas corpus, but habeas corpus relief remains available for claims which fall outside the scope of Rule 32." Roettgen v. Copeland, No. 93-15760, slip op. 9201, 9205 (9th Cir. Aug. 16, 1994). Thus, to properly exhaust claims that are cognizable under Rule 32 a criminal defendant must bring them in a Rule 32 petition for post-conviction relief, not in a petition for habeas corpus. Id.
 
 
 9
 Following his conviction in February 1989, Mintz appealed to the Arizona Court of Appeals, raising the three issues which we have declined to address above. The Arizona Court of Appeals denied relief, and Mintz did not appeal to the Arizona Supreme Court.
 
 
 10
 Subsequently, Mintz made numerous collateral attacks on his convictions, including, inter alia: (1) one motion for post-conviction relief under Rule 32 filed in the Maricopa County Superior Court in September 1990; (2) two petitions for state habeas corpus relief filed in November 1990, one in Cochise County Superior Court and the other in Maricopa County Superior Court; and (3) motions for reconsideration following denial of the requested relief in each of these cases. Mintz also filed two special actions in the Arizona Court of Appeals seeking writs of mandamus or certiorari to compel the Superior Courts of Cochise and Maricopa County to grant him relief. In March and May 1991, the Arizona Court of Appeals declined to accept jurisdiction. Mintz did not seek review of these decisions in the Arizona Supreme Court.
 
 
 11
 Finally, in June 1991 Mintz filed a habeas corpus petition directly in the Arizona Supreme Court. The Arizona Supreme Court declined to accept jurisdiction. During the course of these numerous filings, Mintz raised all of the grounds for relief he asserts in his federal habeas petition. In his Rule 32 petition, however, he raised only a claim of ineffective assistance of counsel which was not a basis for the instant federal habeas action.
 
 
 12
 The district court correctly found that Mintz had not exhausted his state court remedies and is now procedurally barred from doing so. Mintz' four remaining claims are all cognizable under Rule 32. See Ariz.R.Crim.P. 32.1(a) (constitutional claims); Ariz.R.Crim.P. 32.1(b) (jurisdictional claims); see also Roettgen, slip op. at 9205. Because the claims are cognizable under Rule 32, Mintz could not have properly exhausted them by presenting them in a petition for habeas corpus in the Arizona Supreme Court. See Roettgen, slip op. at 9205. Furthermore, because Mintz has already litigated a Rule 32 petition in the Arizona courts, he has no available state court remedies. See Ariz.R.Crim.P. 32.2(a); see also Johnson, 929 F.2d at 463. Therefore, Mintz has procedurally defaulted his claims. See Murray, 477 U.S. at 485; Hughes, 800 F.2d at 906-08.
 
 
 13
 As cause for his failure to pursue the proper procedural path, Mintz argues that the Arizona rules and procedure are too confusing, that he did not understand them, and that he received incorrect advice from jailhouse lawyers. Neither reliance on allegedly incompetent jailhouse lawyers nor failure to understand the relevant legal procedures is sufficient cause to excuse Mintz' procedural default. See Tacho, 862 F.2d at 1381 (mental condition and incompetent jailhouse lawyers not sufficient cause for failure to follow state procedure to exhaust claims); Hughes, 800 F.2d at 909 (illiteracy not sufficient cause for failure to follow proper state procedure to exhaust claims).
 
 
 14
 Our decision in Harmon v. Ryan, 959 F.2d 1457 (9th Cir.1992), upon which Mintz relies to excuse his procedural default, is inapposite. Harmon only applies where a petitioner has failed to seek review in the Arizona Supreme Court of the denial of his Ariz.R.Crim.P. 32 petition because the Arizona Supreme Court had earlier pronounced that no such review was necessary to exhaust state remedies. S ee id. at 1463.
 
 
 15
 Here, Mintz never raised any of the claims stated in his federal habeas petition by way of a Rule 32 petition. Instead, he pursued various state habeas corpus actions. State habeas proceedings do not provide the route for exhaustion of state remedies in Arizona. See Roettgen, slip op. at 9205. Because Mintz failed to raise his federal habeas claims by way of a Rule 32 petition, as required by Arizona state law, the only claims which Harmon would operate to save are the three claims which Mintz failed to raise in his federal petition for habeas corpus and which we have declined to consider for the first time on appeal.
 
 
 16
 Accordingly, Mintz cannot demonstrate cause for his failure to exhaust state remedies and we affirm the decision of the district court.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3