45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Byron HOPKINS, Petitioner-Appellant,
v.
Dan VANNELLI, Deputy Warden, S/R; Attorney General of the
State of Arizona, Respondents-Appellees.
 No. 94-15667.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 27, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Byron Hopkins appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus. The district court ruled that federal habeas review of Hopkins' claims is barred because Hopkins has procedurally defaulted on his claims and failed to demonstrate cause for the default. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We review de novo a district court's denial of habeas relief. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Hopkins was convicted in Arizona state court of two counts of sexual conduct with a minor after he pleaded guilty to those offenses pursuant to a plea agreement. The state court imposed a 15-year sentence on each count, to be served consecutively. In his federal habeas petition, Hopkins claimed the imposition of consecutive sentences violated the plea agreement and his constitutional right not to be subjected to double jeopardy. Hopkins has never presented these claims to Arizona's highest court.
 
 
 4
 Before a federal court will consider a state prisoner's request for habeas relief, the prisoner must exhaust available state remedies by fairly presenting his claims to the state's highest court. Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991). If the state courts will no longer consider the merits of a petitioner's federal constitutional claim because of the petitioner's failure to follow the prescribed state procedure for presenting such an issue, the petitioner has procedurally defaulted on the claim. Id. (citing Murray v. Carrier, 477 U.S. 478, 485 (1986)); see also Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). "In all cases in which a state prisoner has defaulted his federal claims pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Thomas, 945 F.2d at 1123.
 
 
 5
 An Arizona prisoner may raise a federal constitutional challenge to his conviction or sentence in state court either on direct appeal or by filing a petition for postconviction relief pursuant to Ariz.R.Crim.P. 32.1. See Ariz.R.Crim.P. 32.1; see also Johnson, 929 F.2d at 463. Collateral review is barred, however, if the claims have been waived at trial, on appeal, or in any previous collateral proceeding. See Ariz.R.Crim.P. 32.2(a); Johnson, 929 F.2d at 463 (interpreting former version of Rule 32.2).
 
 
 6
 Hopkins, who was represented by counsel at the time, withdrew both his direct appeal and a Rule 32 postconviction relief petition he filed shortly after sentence was imposed. Subsequently, acting pro se, Hopkins filed a second Rule 32 petition in the trial court. In his pro se petition, he claimed that his consecutive sentences violated the plea agreement and his right not to be placed in double jeopardy. However, Hopkins withdrew those claims after a public defender was assigned to represent him. His assigned counsel filed an amended Rule 32 petition which omitted the claims raised in the pro se petition and instead presented the claim that the trial court had failed to advise Hopkins that he would be ineligible for good time release credits. The trial court summarily dismissed the amended second petition on the ground that Hopkins had waived the release time claim by failing to raise it either on direct appeal or in his previous postconviction relief proceeding. The state appeals court affirmed the trial court's ruling that the claim was procedurally barred, and ruled in the alternative that the claim lacked merit. The Arizona Supreme Court summarily dismissed Hopkin's petition for review of the appeals court's ruling.
 
 
 7
 Because Hopkins never presented the claims brought in his federal habeas petition to the Arizona Supreme Court and is now procedurally barred from doing so, he has procedurally defaulted on these claims. See Carrier, 477 U.S. at 485-89; see also Johnson, 929 F.2d at 463; Tacho, 862 F.2d at 1378.
 
 
 8
 Hopkins argues that attorney errors constitute cause for his default. Specifically, he contends that his appellate counsel advised him to withdraw his direct appeal, that his counsel during postconviction relief proceedings failed to present his federal claims to the Arizona Supreme Court, and that these alleged errors constitute cause. He is mistaken.
 
 
 9
 Unless assistance of counsel was so ineffective as to violate petitioner's constitutional right to counsel, "the petitioner bears the risk in federal habeas proceedings for all attorney error" that results in procedural default. Coleman, 501 U.S. at 752, 754. To the extent Hopkins contends that ineffective assistance of appellate counsel constitutes cause for his default, such a claim must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default. Carrier, 477 U.S. at 488-89; Tacho, 862 F.2d at 1381. Hopkins has not done so; thus, we will not consider the claim as a cause for default. See Tacho, 862 F.2d at 1381. Because the right to effective assistance of counsel does not extend to state postconviction proceedings, ineffective assistance of counsel during postconviction proceedings does not constitute cause for default. Coleman, 501 U.S. at 752-53.
 
 
 10
 Because Hopkins failed to demonstrate cause for his default, and does not contend that he is innocent of the crimes for which he was convicted, see Carrier, 477 U.S. at 496, the district court correctly determined that federal habeas review of Hopkins' claims is barred. See Coleman, 501 U.S. at 750-52; Thomas, 945 F.2d at 1121; Tacho, 862 F.2d at 1381.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, petitioner's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3