89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
McKinley SCOTT, Petitioner-Appellant,
v.
Leon HARDISON; The Attorney General of the State of Nevada,
Respondent-Appellee.
 No. 95-16824.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner McKinley Scott appeals pro se the district court's dismissal, for failing to exhaust state remedies, of his habeas corpus petition brought under 28 U.S.C. § 2254. We agree with the district court, and with Scott's concession on appeal, that Scott failed to present his federal claims to the Nevada courts. See, e.g., Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (per curiam). He contends however, that returning to the state courts would be futile or barred by a procedural rule. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.[1]
 
 
 3
 The apparent futility of presenting a federal claim may no longer be a viable defense to the exhaustion requirement. See Noltie v. Peterson, 9 F.3d 802, 805 (9th Cir.1993). In any case, Scott fails to show futility because he has never presented his constitutional claims to the state courts, and does not demonstrate that the state courts have resolved the issues raised in his petition adversely to Scott.
 
 
 4
 Scott also contends that he has no state remedy because presenting his claims in state court would constitute abuse of the writ under Nev.Rev.Stat. § 34.810(2) (1995). Scott's claims may not be barred if he demonstrates cause and prejudice in state court for failing to raise the claims previously. See Phelps v. Director Nev. Dep't Prisons, 764 P.2d 1303, 1305 (Nev.1988) (per curiam). Because the Nevada courts have not yet determined whether Scott has established cause and prejudice, a state remedy is available and his claims are not exhausted. See Johnson v. Lewis, 929 F.2d 460, 463-64 (9th Cir.1991) (determining that claim is unexhausted because Arizona court may decide that procedural bar does not apply).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the dismissal of the petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal