124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wayne R. ENGRAM, Petitioner-Appellant,
v.
John HALLAHAN, Warden, Grant Woods, Attorney General,
Respondents-Appellees.
 No. 96-15874.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1997.**
Filed Sept. 11, 1997.
 
 Appeal from the United States District Court for the District of Arizona, D.C. No. CIV-95-02222-EHC; Earl H. Carroll, District Judge, Presiding.
 Before SNEED, FLETCHER and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arizona prisoner Wayne R. Engram appeals pro se the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We review the district court's denial of habeas relief de novo, Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.), cert. denied, 117 S.Ct. 588 (1996), and we affirm.
 
 I.
 
 3
 Engram is not eligible for federal habeas relief under section 2254 if his claims are procedurally barred under state law. If a mandatory rule of state law precludes him from raising his claims at this time, the federal courts will not review them unless he can show cause for the default and resulting prejudice, or that lack of review will result in a fundamental miscarriage of justice. Johnson v. Lewis, 929 F.2d 460, 462-64 (9th Cir.1991); see also Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 750 (1991). If Engram still may raise his claims in state court, they are not barred, but he must exhaust his claims in state court before seeking federal habeas review. Rose v. Lundy, 455 U.S. 509, 522 (1982).
 
 II.
 
 4
 Engram has exhausted claims that his counsel was ineffective in failing to investigate, to contact potential witnesses, or to object to certain jury instructions. However, he has not overcome the "strong presumption" that his counsel's performance fell "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984). We affirm the district court's denial of Engram's ineffective assistance claims.
 
 III.
 
 5
 Engram claims his right to due process was violated because the jury returned verdicts for both burglary and criminal trespass (a lesser included offense of burglary). Even if he has exhausted this claim, it lacks merit. The jury's failure to follow perfectly the trial court's instructions, reflected in its inconsistent verdicts, does not automatically require reversal. United States v. Smith. 802 F.2d 1119, 1127 (9th Cir.1986). Engram's counsel was advised of the inconsistency and did not object to the trial court's decision to throw out the criminal trespass verdict. The trial court did not err in treating the verdict on the lesser included offense as surplusage. We affirm the district court's dismissal of Engram's due process claim.
 
 IV.
 
 6
 Engram has procedurally defaulted his claims predicated on the jury instructions, the admission of his 1973 conviction, the admission of evidence relating to his 1984 conviction, and the trial court's failure to order a mental examination, as well as his double jeopardy claim. He has shown neither cause nor prejudice for his default, nor has he shown that failure to address his claims would result in a fundamental miscarriage of justice. See Johnson, 929 F.2d at 463-64. We affirm the district court's dismissal of these claims.
 
 V.
 
 7
 Engram makes one additional claim that during its deliberations, the jury submitted a note inquiring whether Engram had admitted taking out of the apartments and removing from the property the wall heaters he was charged with stealing. The record before us does not include the trial court's response to this note or indicate how the trial judge handled the jury's request. Engram's habeas petition states that the trial judge did not respond to the note. He argues that the trial court abused its discretion by not advising the jury that there was no evidence he had admitted taking the property.
 
 
 8
 Engram does not appear to have raised this claim in any state post-conviction proceeding. His federal habeas petition does not state clearly a federal-law basis for challenging the trial court's treatment of the jury note. However, even if the trial judge erred in failing to respond to the jury note, Engram makes no showing that the error had a prejudicial effect on Engram's conviction and sentence cognizable in federal habeas.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3